PALMER *vs.* MELSON, executor.

In a suit on promissory notes which specified that their considera-tion was for rent, the defendant could not protect himself by plead-ing that his wife was the grand-daughter of the payee of the notes; that being greatly indebted, she conveyed her land to her grand-father to avoid the payment of her debts; that when defendant married her she was living on the land, and defendant gave the notes sued on, but that there was no consideration for them, because the deed was fraudulent and void. Whether the deed was fraudulent and void as to creditors or not, it was good between the parties, and the defendant, having attorned to the grantee and given the notes sued on for rent, could not deny his landlord's title; and such a plea was demurrable.

April 27, 1886.

Landlord and Tenant. Estoppel. Deeds. Fraud. Be-fore Judge WILLIS. Talbot Superior Court. September Term, 1885.

Reported in the decision.

J. H. MARTIN, for plaintiff in error.

WILLIS & MATHEWS, for defendant.

BLANDFORD, Justice.

Melson sued Palmer on several promissory notes, the consideration of which, as therein specified, being for rent.

Palmer filed his defence, which was, in substance, as follows: That his wife was the grand daughter of Melson, the payee in the notes, and that she, being greatly indebted, conveyed her land to her grand father to avoid the pay-ment of her debts; that when defendant married her, she was living on the land, and he, defendant, gave the notes sued on to Melson, but that there was no consideration; as the land belonged to his wife, the deed which she had made to Melson was fraudulent and void.

Upon demurrer, the court struck this answer, and defendant excepted and assigns error thereon.

The deed, whether it be fraudulent and void as to creditors, is good between the parties, as the grantor attorned to the grantee as his tenant; and when Palmer intermarried with the grantor and rented the land from Melson, the grantee, and gave these notes for the rent, he will not be heard to deny his landlord's title, but he is estopped from so doing. So we think the court did right in striking the defence of plaintiff in error.

Judgment affirmed.