SUTTON *et al. v.* HIRAM LODGE.

A contract providing that in consideration that plaintiff had allowed defendants to remove and use as a storehouse a certain building and still so allowed them, and they had fitted up and removed the same to a lot belonging to them, they agreed to keep it in good repair, etc., for which they were to have the use and control of the lower room of it for the space of twenty years or during their natural lives, at which time their rights not only in the building but also in the lot to which it had been removed, should cease and become exclusively the property of plaintiff:

*Held,* that defendants had a lease in the premises for twenty years only, provided they should live that long, and if they should die before the expiration of that time the lease expired. And after such expiration, their remaining in possession another year without objection from plaintiff, did not entitle them to a further term to the expiration of their lives; but they became tenants at sufferance.

November 25, 1889.

Ejectment. Contracts. Leases. Landlord and tenant. Before Judge LUMPKIN. Wilkes superior court. May term, 1889.

Reported in the decision.

W. M. & M. P. REESE, for plaintiffs in error.

S. H. HARDEMAN, by brief, *contra*.

BLANDFORD, Justice.

This was an action of ejectment brought by the defendant in error against the plaintiffs in error, to recover certain land situated in the village of Danburg in the county of Wilkes. The defendant in error on the trial below relied upon a certain instrument in writing, which is as follows:

GEORGIA, WILKES COUNTY.

The undersigned, in consideration the Masonic Lodge at Danburg in said county, known as Hiram Lodge No. 51, has allowed them to remove and use as a store-house their lodge-building and still allows them to use the same, which they have fitted up partly for a store-room and removed to a lot in Danburg belonging to the undersigned, do agree, in consideration of the premises, to keep said building in good order and condition outwardly, excepting the blinds of the upper or lodge-room, which are to be furnished by said lodge and afterwards kept in repair by us, and to keep the same insured at a sufficient amount to replace the property if destroyed or damaged by fire, giving to said lodge at all times the right of ingress or egress to and from said lodge-room, for which we are to have the use and control of the lower room of said building for the space of twenty years or during our natural lives, at which time our rights not only in the building, but also in the lot of land upon which it has been removed and now stands, shall cease and shall become exclusively the property of said lodge, to which we bargain and sell the same according to the above conditions, and will warrant and defend the title of the same to said lodge against any and all persons whatever. Signed, sealed and delivered presence of

J. S. WOMACK,                          JOHN A. SUTTON [L. S.]
E. W. ANDERSON, J. P.          ·          Z. W. ANDERSON [L. S]

The court allowed the testimony without objection, as the record shows, to explain the words "for the space of twenty years or during our natural lives," some of

the witnesses testifying, on behalf of the lodge, that the meaning of the contract was that the plaintiffs in error should have a lease for twenty years and no longer, if the plaintiffs in error should live that long, but that if the plaintiffs in error should die before the expiration of the twenty years, the lease should expire. Other witnesses introduced testified to the contrary, that the meaning was that the plaintiffs in error should have the lease for twenty years, and at the expiration of that time, at their option, as long as the plaintiffs in error should live. The jury found in favor of the plaintiff in the court below, and a motion for a new trial was made by the defendants which was overruled, and they excepted.

We think that, without more, the paper which was introduced gave to the plaintiffs in error a lease in the premises for twenty years only, provided they should live that long, and if they should die before the expiration of the twenty years the lease should expire; and so it appears the court held. But it is further contended by the plaintiffs in error that after the expiration of the lease, the plaintiffs in error remained a year longer in possession of the premises without objection on the part of the defendant in error, and that therefore they had a right to a further term until the expiration of their lives. If we are right in the construction we have placed upon this instrument, after the expiration of the lease of twenty years, the plaintiffs in error were merely tenants holding over, and could have been turned out of possession, under section 4077 of the code. They were merely tenants at sufferance after the expiration of the lease. Wood Landl. and Ten. 20.

*Judgment affirmed.*