WALTERS *v.* AMERICUS JEWELRY AND MUSIC CO.

1. Whatever may be the proper legal construction of the written contract in evidence in the present case, there is no complaint either of the court's failure to construe it, or of the admission of parol testimony to show what the real transaction between the parties was. This being so, and the case having been tried upon the evidence introduced, consisting of the written instrument and the testimony of the witnesses in reference to the contract, the case should be dealt with accordingly.

2. Under the evidence the jury were authorized to find that under the contract there was a sale, with a reservation in the seller of the right to retake possession of the property upon the buyer's failure to pay as agreed; and this was, in effect, a reservation of title in the seller.

3. Dealing with the case as above indicated, the request to charge which was refused by the court was inappropriate, and therefore the court did not err in refusing it. ·

4. So far as appears from the record, the recovery for the plaintiff was fully warranted by the evidence.

Argued January 3, — Decided February 4, 1902.

Bail-trover — appeal. Before E. A. Hawkins, judge pro hac vice. Sumter superior court. July 9, 1901.

*J. R. Williams* and *F. A. Hooper,* for plaintiff in error.
*J. H. Lumpkin,* contra.

Fish, J. The Americus Jewelry and Music Company brought an action of trover against John W. Walters for a certain described piano, stool and cover, alleged to be of the value of $300, which the petition averred had been rented by the plaintiff to the defendant and which the defendant refused, upon demand, to deliver to the plaintiff. The defendant, by his answer, admitted that he had possession of the property, but denied that he held it under a contract of rent, and alleged that he held "the same under a contract of purchase." He also admitted that the plaintiff had demanded the property of him "and that he refused to pay any amount for rent or deliver possession." He further pleaded that "the purchase-price agreed upon was $300," and that at the time he purchased the piano the plaintiff, through its agent who made the sale, made certain false representations in reference to the worth of the instrument, upon which he relied in making the purchase, and that at the time of such purchase he told said agent "that he knew nothing of the value of any piano, and would have to rely upon his representations of it;" that the piano subsequently proved to be defective in certain designated and described particulars, and that he had paid the plaintiff $165, which was more than the piano was worth. His answer concluded with a prayer that the title to the instrument be declared to be in him, or that the plaintiff be required to refund to him the $165, in which event he was willing to return the piano to the plaintiff and cancel the contract of purchase. The jury returned a verdict for the plaintiff, but just what that verdict was it is impossible to ascertain from the bill of exceptions, in which neither the verdict nor the judgment is set out, or from the record, as neither the verdict nor the judgment is sent up with the record, owing to the failure of the plaintiff in error to specify either of them as being a part thereof material to a clear understanding of the case and the errors complained of. The plaintiff introduced in evidence the following written contract: "This certifies that I, Jno. W. Walters, have rented of Americus Jewelry & Music Co. the following described property: one Sebastian Somer Piano No. 5334, mahogany veneered, with stool and cover, for which I promise to pay fifteen (15.00) dollars per month until the amount of three hundred (300.00) dollars has been paid, and any neglect on my part to pay said rent when due shall entitle said Americus Jewelry & Music Co., or their assigns, to repossess above-described

property without hindrance or process of law, and I forfeit all that has been paid on above-described property as rent for and during the time said property has been in my possession. I further promise to protect and keep in good order the said property and not allow the same to go out of my possession. Fully understanding all the above conditions I hereto affix my hand and seal.

John W. Walters [L. S.]   Witness: Cal. J. Schneider.

Americus, Ga., Dec. 27, 1894."

All the body of this contract was printed matter, except the names of the parties, the description of the property, the words and figures "fifteen (15.00) dollars," "month" and "three hundred (300.00) dollars," which were written with pen and ink, a printed form evidently having been used in preparing the instrument for execution. On one side of the paper containing this contract a wide margin had been left upon which to enter credits of money paid on the contract. At the top of this margin was printed, in capital letters, the words, "Amounts paid on this rent note." Underneath this general heading, the margin was ruled into columns, headed, respectively, "Date," and "Amount," under which headings appeared many credits of small amounts, made at different dates, which amounted in the aggregate to $165.

1. The court did not construe this contract, but allowed parol evidence to be introduced for the purpose of explaining its true intent and meaning. The plaintiff contended that it was a rent contract, while the defendant contended that it was a contract of purchase. Thus the issue was fought out, under the evidence. There is no complaint either of the court's failure to construe the written contract, or of the admission of parol evidence to explain it. This being so, and the case having been tried upon the evidence introduced, consisting of this written instrument and the testimony of witnesses in reference to the real contract between the parties, the case should be dealt with accordingly, no matter what may be the true legal construction of the written contract.

2. The written contract having been introduced in evidence, like any other evidence in the case, was before the jury for their due consideration. Therefore, in arriving at their conclusions, they could not ignore it, unless there was an irreconcilable conflict between its provisions and parol evidence and they believed this testimony, and not the writing, to set forth the true contract between

the parties. If the parol evidence simply modified the apparent legal meaning of the written instrument, or explained a doubtful meaning, the jury were bound to arrive at the real contract into which the·parties entered by construing the written instrument in the light of such parol evidence. We think it is clear from the evidence in the case, considered as a whole, that the jury were authorized to find that the contract was one of conditional sale, the plaintiff selling the property to the defendant at the agreed price of three hundred dollars, payable in installments, and retaining the title thereto until the defendant should finish paying for the same, with the right in the plaintiff to repossess itself of the property upon failure of the defendant to pay any installment of the purchase-money when due. The parol evidence offered by the plaintiff was perfectly consistent with this theory, and that introduced by the defendant was not all inconsistent with it. Upon this subject, the defendant simply testified that he did not rent, and would not have rented, the piano from the plaintiff, but that he purchased it for three hundred dollars, paying fifteen dollars down, and the plaintiff giving him time in which to pay the balance. He further testified that he had paid one hundred and sixty-five dollars on it, and would have continued to pay if the piano had been as represented by the seller, and that the amount which he had paid was more than the piano, in its defective condition, was worth. He also testified that the words "fifteen dollars," were not in the written instrument when he signed it. Viewing the written contract as a contract of hire, and not one of purchase, the testimony of the defendant conflicts with it; but if we view the contract contained in the writing as a conditional sale, there is no such conflict. This testimony is not at all inconsistent with a conditional sale, in which the plaintiff reserved the title to the property, as security for the full payment of the agreed purchase-price. Whatever imperfections and peculiarities there may be in the written contract, this much is clearly apparent therefrom: that the seller had the right to repossess itself of the property upon the failure of the purchaser to pay the purchase-money in accordance with the terms of the contract. So if, in the light of the defendant's testimony, we treat the contract as being one of sale, and not a contract of hire, the effect of the stipulation giving the plaintiff this right is to make the transaction a conditional sale, with retention of title in the plaintiff un-

til the full amount of the purchase-money should be paid. Whatever may be the true legal construction of the written contract, it must, for the purposes of this case, be construed in the light of the parol evidence which was introduced upon the trial, and so construed the evidence, as a whole, fully warranted a finding that its meaning was as above indicated. Upon such a construction of the contract, the jury, unless they believed, from the evidence, that the piano was not a good merchantable article at the time of the sale, and that the defendant had already paid as much as it was worth in its defective condition, were authorized to find a money verdict in favor of the plaintiff in some amount, and there is nothing in the transcript of the record before us to show that they did not return such a verdict or that the amount thereof was excessive. This being so, it must be presumed that the jury found for the plaintiff such a verdict as the law authorizes in a case of this kind; and as to the questions, whether the plaintiff had falsely represented the value of the piano to the defendant, and if so, whether the defendant had paid all that the piano was really worth, the jury were the judges of the sufficiency of the evidence to sustain the defendant's contentions in these respects, and, in our opinion, a verdict for the plaintiff was not unwarranted by the testimony. *Guilford* v. *McKinley*, 61 *Ga.* 230; *Ross* v. *McDuffie*, 91 *Ga.* 120.

3. The plaintiff in error complains because the court refused to give the following written request in charge to the jury: "If you believe that this was a sale, that Walters did not agree to rent the piano, then I charge you, there being no reservation of title, the plaintiff would not be entitled to recover on this kind of action, and it would be your duty to so find." Dealing with the case as heretofore indicated, this request was inappropriate, and therefore properly refused. It assumed that there was no reservation of title, and sought to have the jury so instructed by the court, when the evidence was, as we have seen, such as to warrant a finding by the jury, that the effect of the contract entered into by the parties was to reserve the title in the seller until the purchase-price should be fully paid; and it would, therefore, have been manifestly erroneous for the court to have charged them that there was no reservation of title.

4. So far as appears from the record, the recovery for the plaintiff was fully warranted by the evidence.

*Judgment affirmed. All the Justices concurring.*