## WILLIS *v.* HARRELL.

118 906
123 798
118 906
124 234
118 906
125 398

118 906
f127 390

118 90(
f129 40(

1. Exception to the overruling of a motion to dismiss a proceeding to dispossess a tenant holding over beyond his term, on account of alleged defects in the affidavit, can not properly be made the ground of a motion for a new trial.

2. Where no time is specified for the duration of a tenancy, the law construes it to be for the calendar year.

3. A tenant at will is in possession by right with the consent of the landlord, either express or implied ; a tenant at sufferance is a wrong-doer and is in possession without the consent of the landlord, but as a result of his laches or neglect.

4. A tenant by the month whose term ends with the calender year is, after the expiration of his term, a tenant at sufferance, and continues as such until there has been some affirmative action by the landlord which has the effect of converting the tenancy into some other form.

5. A tenant at sufferance is not entitled to notice to quit.

6. A purchaser of realty from a landlord during the term of the tenant is entitled, after the expiration of the term, to dispossess the tenant by a dispossessory warrant.

7. No lapse of time will bar a proceeding under the Civil Code, § 4813 et seq., so long as the relation of landlord and tenant exists.

8. A tenant at sufferance is not liable for double rent until after demand for possession.

9. The remedy provided by the sections of the code above referred to, to dispossess a tenant holding over, is applicable in any case where the relation of landlord and tenant exists, without regard to whether the tenant entered under the contract of rental or was in possession at the time such contract was made.

10. " The rule that a tenant can not set up a title to the rented premises in opposition to that claimed by the landlord is applicable, although at the time the contract of rent was made the tenant was in possession, claiming title to the premises."

11. The verdict was authorized so far as it found that the plaintiff was entitled to the possession of the premises in dispute, and there was no error requiring the granting of a new trial so far as this issue was concerned.　There was error in the charge in reference to the liability of the defendant for double rent ; and the judgment will be affirmed upon condition that the plaintiff write off all rent for the period of time anterior to the demand for possession. Upon failure to do this, the judgment will be reversed ; the costs of this writ of error to be taxed in either event against the defendant in error.

Argued November 6,—Decided November 14, 1903.

Affidavit to evict tenant. Before Judge Felton. Bibb superior court. August 4, 1903.

*Hall & Wimberly* and *R. D. Feagin,* for plaintiff in error.
*Bacon, Miller & Brunson* and *W. C. Nottingham,* contra.

COBB, J.  J. W. Harrell, senior, made an affidavit that John Willis did, on February 10, 1892, rent from J. W. Harrell, junior, a described parcel of land; that the land was rented by the month; that the term of tenancy has expired, but the tenant continues to hold possession of the premises over and beyond the time for which the same were rented to him; that deponent, on December 10, 1892, purchased from J. W. Harrell, junior, the land described, and on October 9, 1902, demanded possession from Willis, who refused to deliver possession.  Upon this affidavit the usual warrant to dispossess a tenant holding over was issued by the justice of the peace before whom the affidavit was made.  The affidavit and warrant were exhibited to Willis, who in due time filed a counter-affidavit, in which he denied all of the averments in the affidavit except that relating to the demand for possession, and also denied that he held the premises by lease, rent, at will, by sufferance, or otherwise, from either of the Harrells.  The issue thus made came on to be tried, and resulted in a verdict finding that the plaintiff was entitled to the possession of the premises, and also that the defendant was liable to pay $264 double rent.  The defendant made a motion for a new trial, which was overruled, and he excepted.

1. Complaint is made, in one ground of the motion for a new trial, that the court erred in overruling a motion to dismiss the proceeding on account of alleged defects in the affidavit.  The well-settled rule that the overruling of objections by demurrer or otherwise to the plaintiff's pleading can not be properly assigned as error in a motion for a new trial is applicable in this case.

2. It appears from the evidence for the plaintiff, that Harrell, junior, on February 10, 1892, purchased the land in controversy from Carter, and that at the time of this purchase the defendant was in possession, claiming to hold adversely.  According to the evidence of Harrell, junior, after the purchase the defendant agreed to rent the premises from him and to pay $2.75 per month, but no time was specified for the termination of the tenancy.  It

also appeared from this testimony that the stipulated rent was paid for several months, and that on December 10, 1892, Harrell, junior, conveyed the property to 'Harrell, senior. According to the uncontradicted evidence, no rent was ever paid to Harrell, "senior, and no rent was ever paid to or demanded by any one after December 31, 1892. It will thus be seen, that, under the testimony of Harrell, junior, the relation of landlord and tenant existed between him and the defendant, and that the tenancy was by the month, with no time specified for its termination. The code declares that where no time is specified for the termination of the tenancy, the law construes it to extend to the end of the calendar year. Civil Code, § 3132. The case falls within the very terms of this section, and therefore the tenancy created by the agreement between Harrell, junior, and the defendant terminated on December 31, 1892.

3, 4. What was the character of the defendant's holding after December 31, 1892 ? The defendant contends that he was a tenant at will, and that therefore two months notice was necessary to terminate the tenancy. Civil Code, § 3133. A tenancy at will is generally created by express agreement, but it may arise by operation of law, as where a parol contract creating the relation of landlord and tenant is made for a term exceeding one year. Civil Code, § 3117. See, in this connection, the remarks of Mr. Chief Justice Warner in *Western Union Tel. Co.* v. *Fain,* 52 *Ga.* 18. It is not pretended that there was any express agreement between Harrell, junior, and the defendant, or between the latter and Harrell, senior, that after the expiration of the calendar year the defendant should hold at will. There is nothing in the record to show a state of facts from which a tenancy at will would arise by operation of law. After the tenancy terminated on December 31, 1892, the defendant remained in possession; but nothing was ever done by either of the Harrells in relation to the property until the present proceeding was instituted. No rent was demanded; no rent was paid. The defendant remained in possession without objection, but without the consent of the owner, so far as the record discloses. If there had been anything to indicate consent on the part of the owner for the tenant to hold possession after the expiration of the term, a tenancy at will might have been created. But the record discloses nothing but possession by the tenant after

the term and mere neglect by the landlord to do anything in reference to the property, its rent, or its possession. . What is his status after the termination of the tenancy under the circumstances above enumerated? After the expiration of the calendar year in which the contract of rental was made, the defendant became a tenant at sufferance, and so continued until something was done by agreement with the landlord, either express or implied, which converted the tenancy at sufferance into some other class of tenancy. Blackstone says : "An estate at sufferance is where one comes into possession of land by lawful title, but keeps it afterwards without any title at all. As if a man takes a lease for a year, and after a year is expired continues to hold the premises without any fresh leave from the owner of the estate." 2 Bl. (Cooley) * 150. "A tenant on sufferance is one who entered by a lawful demise or title, and after that has ceased wrongfully continues in possession without the assent or dissent of the person next entitled." 1 Woodf. L. &. T. * 230. See also 1 Wood's L. & T. (2d ed.) § 6. A tenancy at sufferance differs from a tenancy at will in this : The tenant at sufferance enters lawfully and holds over wrongfully without the landlord's assent or dissent ; while the tenant at will holds by the landlord's permission. 1 Taylor's L. & T. (8th ed.) § 64. A tenant at will is always in by right, evidenced by permission, express or implied, of the landlord. A tenant at sufferance holds over by wrong, and he is in possession, not by permission of the landlord, but as a result of his laches or neglect. 1 Wood's L. & T. § 6, p. 22 ; 18 Am. &. Eng. Enc. L. (2d ed.) 177. See also, in this connection, *Godfrey* v. *Walker*, 42 *Ga.* 562, 574 ; *Sutton* v. *Hiram Lodge*, 83 *Ga.* 770. It takes very little to convert a tenancy at sufferance into a tenancy at will. Receipt of rent, demand for rent, or anything that indicates the permission of the landlord for the tenant to remain in possession will have this effect. 1 Taylor's L. & T. (8th ed.) § 65 ; 1 Wood's L. &. T. § 6, p. 22. Mere silence, neglect, or laches on the part of the landlord will not have this effect. The defendant, as stated above, became, at the expiration of the calendar year, a tenant at sufferance, and the record discloses nothing which would authorize a finding that this tenancy had been converted into a tenancy at will.

5. At common law a tenant at sufferance was not entitled to any notice to quit, before his tenancy could be terminated. 18 Am. & Eng. Enc. L. (2d ed.) 180 ; 1 Woodf. L. & T. *341 ; 6 Lawson's Rights & Rem. § 2869. There is nothing in our code which alters the common-law rule on this subject; the statute providing for notice being confined to tenancies at will. Civil Code, § 3133.

6. Harrell, senior, having purchased from Harrell, junior, in 1892, before the termination of the tenancy created by the agreement between the defendant and Harrell, junior, was entitled to avail himself of the statutory remedy to dispossess the defendant as a tenant holding over. *Prichard* v. *Tabor,* 104 *Ga.* 64, and cit.

7. It is contended that the landlord's remedy to dispossess a tenant holding over by dispossessory warrant is barred, unless the warrant is sued out within four years from the time the right to dispossess accrues. We are not aware of any provision in the statute of limitations of this State which supports this contention. The remedy provided by the Civil Code, § 4813 et seq., for a land- lord to acquire possession in a summary way, may be exercised at any time the landlord sees fit to use it. He may, if he sees proper, allow a tenant at sufferance to remain in possession for any length of time, and whenever he sees fit to recover possession, the summary remedy provided by the code is available to him. So long as the relation of landlord and tenant exists, the remedy is available ; the relation once destroyed, the remedy is no longer available.

8. The judge charged the jury that the plaintiff was entitled to recover double rent for four years next preceding the institution of the proceeding to dispossess. It is contended that this charge was error, because the right to double rent did not accrue until there had been a demand for possession. We think this contention is well founded. While the question has not been directly ruled in this State, it was, in *Mothershead* v. *DeGive,* 82 *Ga.* 195, intimated by Mr. Chief Justice Bleckley, that in a proceeding to remove a tenant at sufferance a recovery for double rent would not go back to a period anterior to the demand for possession. See also, in this connection, *Smith* v. *Singleton,* 71 *Ga.* 68; Cobb *v.* Stokes, 8 East, 358 ; Gear's Law of L. & T. § 132. The proceeding to dispossess a tenant holding over is not instituted primarily for the purpose of collecting rent. Its main purpose is to restore

the landlord to the possession of the premises, and the imposition upon the tenant of a liability for double rent is an incident to the proceeding, and is in the nature of a penalty inflicted upon him for the wrong he has committed in refusing to deliver possession of the premises after demand is made upon him. *Pettis* v. *Brewster*, 94 *Ga.* 527; *Hamilton* v. *McCroskey*, 112 *Ga.* 651. The defendant was not subject to the payment of double rent until after demand, and therefore so much of the verdict as found double rent against him prior to the 9th day of October, 1902, was not warranted.

9. It is contended that the remedy provided in the code to dispossess a tenant holding over can not be resorted to unless the tenant went into possession under the landlord, and does not apply where the tenant was already in possession at the time the contract for rent was made. We do not think there is any merit in this contention. As soon as the relation of landlord and tenant was created, no matter what might have been the status of the parties prior to that time, or who was in possession, the landlord was in a position to avail himself of any remedies which were available generally to landlords for the assertion of their rights. See, in this connection, *Johnson* v. *Thrower*, 117 *Ga.* 1007.

10. Complaint is made that the court erred in charging the jury that the deed from Carter to Harrell, junior, and the deed from the latter to Harrell, senior, were admitted for the sole purpose of showing prima facie that Harrell, senior, was the owner of the property. The error assigned is that these deeds did not show prima facie that Harrell, senior, was the owner of the property, in the absence of proof of prior possession in Carter. Even if there was any error at all in this charge, it was not of such a character as to require a new trial. The evidence of Harrell, junior, authorized a finding that the defendant had attorned to him as his landlord, and the deed from Harrell, junior, to Harrell, senior, made during the term of the defendant's tenancy, had the effect of making Harrell, senior, not only prima facie but conclusively the owner as against the defendant. " The rule that a tenant can not set up a title to the rented premises in opposition to that claimed by his landlord is applicable, although at the time the contract of rent was made the tenant was in possession, claiming title to the premises." *Johnson* v. *Thrower*, supra. . See also,

in this connection, 2 Taylor's L. & T. (8th ed.) §§ 705–706; 18 Am. & Eng. Enc. L. (2d ed.) 415; *Palmer* v. *Melson,* 76 *Ga.* 803.

11. The judge admitted in evidence a security deed made by the defendant in 1896, conveying the premises in dispute, and charged the jury that they should not consider this deed for any other purpose than as evidence of a declaration by the defendant that his possession was adverse. Error is assigned upon this charge. There was certainly no error in the charge. Even if the deed was admissible at all, it was not admissible for any other purpose than the one indicated by the judge. The judge also refused to allow the defendant to prove that the grantee in the deed had paid to the defendant the amount of money named in the deed and that the defendant had never repaid the loan. This evidence was properly rejected, as it did not illustrate any issue in the case.

The foregoing opinion deals with all of the questions which are of such a character as to require any elaborate discussion. The evidence authorized the finding in favor of the plaintiff, so far as his right to dispossess the defendant is concerned, and we find no error requiring the granting of a new trial on this issue. The court did err in its charge in reference to the time for which double rent could be collected; and the judgment will be affirmed on condition that the plaintiff, within ten days after the remittitur from this court is filed in the office of the clerk of the superior court, will write off from the verdict all rent prior to the date of the demand for possession, to wit, October 9, 1902; and upon failure to write off such amount within the time indicated, the judgment overruling the motion for a new trial will be reversed. The costs of this writ of error shall be taxed against the defendant in error in either event.

*Judgment affirmed on condition. All the Justices concur.*