4268, 4269. WEBB *v.* McCRANIE, and *vice versa.*

The fact that wages are payable weekly raises the presumption that the contract of hiring was by the week; and, there being no evidence that the hiring in the present case was for a longer term, the judge of the superior court did not err in rendering a final decision upon the certiorari, and entering a judgment against the defendant for the sum admitted to be the weekly wages of the plaintiff.

DECIDED FEBRUARY 11, 1913.

Certiorari; from Fulton superior court—Judge Pendleton. May 22, 1912.

*A. H. Davis,* for plaintiff. *Jerome Moore,* for defendant.

RUSSELL, J. This case concerns the right of a discharged employee to recover his wages, and involves a construction of the following contract: "Atlanta, Georgia, Fulton County. Agreement between K. D. Burgess, party of the first part, and J. T. Webb, party of the second part, all of town and county aforementioned. The party of the first part desires to give a working interest to the second party, and does so on the following terms and conditions (the first party being the sole owner of the Jewell Shirt Co.): Commencing January 1, 1912 [?], and on or about the first of each year thereafter, they shall take stock. After deducting all expenses that have accumulated against said firm, the net profits shall be credited as follows: One fourth to J. M. Jewell, one eighth to J. T. Webb, and the remainder to the first party. This is to keep up from time to time until there shall appear a credit to the second party of five hundred dollars, when same passes to him as that much stock in the firm. This is based on the present capital of the firm, and should same be changed, then the second party shall share the profits only in proportion to such change. The consideration to the facts set out above: the second party is to remain with the first party, to devote his whole time and ability to the interest of the firm, and, as further remuneration, he shall draw a salary of $25.00 per week for said services. His main duties shall be that of salesman, but at any time that he can be of use in any other capacity he shall do so. If for any unknown reason the second party should at any time sever his connection with the firm, then he is to be credited only with his profits up to the last stock-taking date. This agreement in duplicate. This salary and service account to begin Jan. 1st, 1911.

K. D. Burgess. J. T. Webb."

Under this contract Webb went to work with the Jewell Shirt Company, and he remained with the partnership until July 11, 1911, when he was discharged. He brought a suit for four weeks' salary, amounting to $100, and the jury rendered a verdict in his favor. A certiorari was sustained, and, it being agreed that there was no question of fact involved, the judge of the superior court rendered a final judgment in favor of the plaintiff for $25. The plaintiff excepts, because he contends the certiorari should have been overruled, and the defendant excepts upon the ground that the court should have rendered judgment in his favor, and in no event should have rendered judgment for a larger sum than $8.34.

As appears from the contract, Burgess must, in one sense, have owned a three-fourths interest in the partnership at the time he offered to contract with Webb, for he only contracted to credit Webb with one eighth of the net profits, and he reserved one quarter to J. M. Jewell, and the remainder (which would be five eighths) to himself; and the agreement in regard to the one eighth of the net profits which was to be paid by himself to Webb, together with the provisions in regard to Jewell's one quarter of the profits, taken in connection with the statement that the contract declares Burgess to be the sole owner of the property employed in the business, leads inevitably to the conclusion that the promise to pay one eighth of the net profits contemplated a future or prospective partnership, but was to be treated, until that time arrived, as a mere bonus to encourage extraordinary faithfulness and attention to business. Before the first year mentioned in the contract had expired, Burgess sold the business to the defendant, McCranie. There is no evidence that McCranie had any knowledge of the stipulations in regard to profits and the future interest of Webb, or others, in the business. According to the evidence, he continued Webb in his employment, and, until the time of Webb's discharge, paid Webb as he had been previously paid,—at the rate of $25 per week. It may be that Webb would have a right of action against Burgess for any damages accruing to him as a result of the sale to McCranie without advising the latter as to his liability to divide profits at the expiration of the year from the making of the contract; but, so far as appears from the plaintiff's evidence, McCranie bought Burgess's business (the Jewell Shirt Company) without notice that he would be required to divide the net profits; and, in

the absence of any proof upon this point, certainly McCranie would not be under any such liability, and the only question which can now be considered is whether McCranie, by reason of continuing Webb in his employment, after he himself took charge of the business, would be liable to Webb upon a contract of hiring extending for a longer period than a week at a time. At the time that Webb was discharged he had worked two days beyond the end of the week for which he had been paid, and after his discharge the defendant sent him a check for $8.34 in payment for those two days, which was returned by Webb, and thereafter again sent another check for the same amount, which Webb did not return, but which he refused to collect and exhibited at the trial.

Section 3133 of the Civil Code is as follows: "That wages are payable at the stipulated period raises the presumption that the hiring is for such a period; but if anything in the contract shows that the hiring was for a longer term, the mere reservation of wages for a lesser time will not control. An indefinite hiring·may be terminated at will by either party." This code section is practically an adaptation of section 1291 of the 2d volume of Story on Contracts (5th ed.), which is quoted with approval by Justice Simmons in *Magarahan* v. *Wright,* 83 *Ga.* 778 (10 S. E. 585). It is undisputed that the wages of Webb were payable weekly. This raises the presumption that the hiring was only for the period of one week at a time. The question presented, therefore, is whether there is anything in the contract to show that the hiring involved in the present case was for a longer term. The trial judge held that there was not, and we concur in this conclusion. We have adverted to the fact that the code section was taken from Mr. Story's work on Contracts, because, upon examination of the text of section 1293 of the 2d volume, above referred to, as well as the citations on which Mr. Story's opinion is based, it is very plain that, under the rulings of the English courts, the presumption that the hiring was weekly (which arises in this case from the fact that the plaintiff's wages were payable weekly) can not be rebutted by anything appearing in the contract or the evidence. The contract dealt with two distinct matters,—one, the interest in the business, dependent on profits; the other, wages, which depended only upon the plaintiff's service. When Mr. Burgess, who originally contracted with the plaintiff, sold out, McCranie did not expressly

assume the contract of hiring. He found Webb in the business, being paid $25 per week, and he had the right to presume that the contract was one of hiring by the week. There is no evidence that Mr. Webb informed him of any contrary understanding; and consequently, when he discharged him, after only two days' service (which had not been paid for), McCranie was liable for the wages for the week which had not been completed. The contract which Webb made with Burgess can not be construed as being indefinite; for, so far as the profits are concerned, they were to be divided at the end of one year. It can not be treated, so far as wages are concerned, as being for one year; for there is no proof of the custom such as appears in a number of cases in which the question has been raised. The presumption is not to be rebutted by the fact that Webb might have an interest in the profits; for, so far as appears from the evidence, McCranie was not bound by that stipulation. For these reasons the judgment of the trial judge upon the remainder of the exceptions must be affirmed.

The contention of the defendant, in the cross-bill of exceptions, that he is not in any event indebted to Webb in an amount greater than $8.34,—his wages for two days which he worked,—is without merit, and is controlled by what has already been ruled in the main bill of exceptions; and for that reason the cross-bill of exceptions must be dismissed.

*Judgment upon main bill of exceptions affirmed. Cross-bill of exceptions dismissed.*