### 10693.  HARRISON *v.* JOINER.

BROYLES, C. J.  1. The bill of exceptions in this case not only contains an exception to the disallowance of an amendment to the defendant's plea, but also contains an exception to the final judgment rendered in the case. Therefore, there is no merit in the motion of the defendant in error to dismiss the bill of exceptions on the ground that the plaintiff in error can not bring a direct bill of exceptions complaining of the disallowance of an amendment to the defendant's plea.

2. Where a plea of res adjudicata could have been filed at the appearance term of the case, it is too late to file it at the trial term. *Merritt* v. *Bagwell,* 70 *Ga.* 578 (3-a), 585.

(a) The instant case was returnable to the February term, 1917, of the

trial court; the original answer of the defendant was filed February 6, 1917, and the amendment to the answer, which set up a plea of res adjudicata, was tendered June 6, 1919, at the trial term. In this amendment it appeared that the judgment relied on as a bar to the plaintiff's cause of action was rendered on December 7, 1916. It therefore clearly appears on the face of the amendment itself that the plea of res adjudicata could have been filed at the appearance term of the court, to wit, in February, 1917. It follows that the court did not err in disallowing this amendment.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

DECIDED DECEMBER 10, 1919.

Complaint; from city court of Dublin—Ira S. Chappell, judge pro hac vice. June 6, 1919.

*Larsen & Crockett,* for plaintiff in error.

*J. S. Adams,* contra.

LUKE, J., dissenting. All dilatory pleas must be filed at the first term of the court. Civil Code (1910), §5641. Dilatory pleas are those which do not answer the general right of the plaintiff, either by denial or in confession and avoidance, but only assert matter tending to defeat the particular action by resisting the plaintiff's present right of recovery. Such a plea is a step which, if taken, is but preliminary to the substantial defense to the action, and in no way affects the legal right of the plaintiff to recover, save by suspending it, if such plea should prevail, so far as the present action is concerned. The plea of res adjudicata, therefore, does not merely go to resisting the plaintiff's right of recovery so far as the present action is concerned, but if sustained is conclusive that he can not recover at all as to the matters which have been previously adjudicated. See *Walden* v. *Walden,* 128 *Ga.* 126-130, 131 (6) (57 S. E. 323).

In this case the plea of the defendant was not, in my opinion, filed at a time when it was by law too late as a defense. The court erred in striking the plea, upon the ground of the objection thereto, and in thereafter rendering judgment against the defendant.