## 14561. NEW *v.* QUINN.

BELL, J. 1. A tenant cannot dispute his landlord's title or attorn to another claimant while in possession. He cannot change the character of his holding without the consent of his landlord, even after the expiration of the original rent period, until he surrenders the premises. This is true notwithstanding the person putting the tenant in possession may not have owned the land. Civil Code (1910), § 3698; *Morgan* v. *Morgan,* 65 *Ga.* 493 (3); *Grizzle* v. *Gaddis,* 75 *Ga.* 350 (3); *Grizzard* v. *Roberts,* 110 *Ga.* 41 (2) (35 S. E. 291); *Johnson* v. *Thrower,* 117 *Ga.* 1007 (3) (44 S. E. 846); *Hodges* v. *Waters,* 124 *Ga.* 229 (52 S. E. 161, 1 L. R. A. (N. S.) 1181, 110 Am. St. Rep. 166, 4 Ann. Cas. 106); *Watters* v. *Hertz,* 135 *Ga.* 804 (4) (70 S. E. 338); *Bullard* v. *Hudson,* 125 *Ga.* 393 (1) (54 S. E. 132).

2. An adjudication of the same subject-matter in issue in a former suit between the same parties by a court of competent jurisdiction is an estoppel against further litigation by either party of the questions so adjudicated. Civil Code (1910), §§ 4335, 4336.

3. The plaintiff Q. and another conveyed lands to V. prior to June in the year 1913, Q., by parol, reserving the privilege of using, during the ginning season which commenced in that year, a certain ginhouse situated on the premises, without the payment of any rent. He so used the house during the seasons of 1913 and 1914. In 1915 he sold the machinery in the building to N., and delivered the possession of the machinery and the building. N. was not required to pay rent to any one for the ginning season of 1915. In 1917 a distress warrant was issued against N. at the instance of Q. for the recovery of rent for 1916. A counter-affidavit was interposed by N. On the trial he denied liability, on the ground that he was the tenant of V., from whom, he

contended, he had rented for the year 1916 the lands on which the building was situated, and that he had paid V. the rent. The trial on that issue resulted in a verdict in favor of Q. A certiorari by N. was overruled without exception. In 1919 Q. procured a second distress warrant for recovery of rents alleged to be due him for the years 1917 and 1918, to which N. interposed another counter-affidavit. This made the case which is now under review. The defense of N. was again that he was the tenant of V., he contending upon the trial that he had rented the entire premises from V. for the years 1917 and 1918. The evidence upon the trial was undisputed that the possession of the building had never been restored or tendered to Q. by N., whose occupancy had continued, and that Q. had not consented to an attornment to V. The court allowed an amendment to the affidavit upon which the distress warrant was issued, setting up the prior proceedings and the former adjudication. They were also admitted in evidence. The court directed the jury to find in favor of the relation of landlord and tenant, and submitted to them only the question of the amount of the rent. A verdict was found for the plaintiff for $96. The defendant's motion for a new trial was overruled, and he excepted. No objection was made to the allowance of the above amendment at the time it was offered, but a motion to set aside the order allowing the amendment, on the ground that it was offered too late, was subsequently made and overruled. Exceptions pendente lite were taken to this ruling, and error is assigned thereon in the final bill of exceptions. See *Alexander* v. *Chipstead*, 152 *Ga.* 851 (1) (111 S. E. 552). *Held:*

(a) There was no error in allowing the amendment to the plaintiff's affidavit, setting up matter in the nature of a former adjudication or estoppel. See *Hill* v. *Cox*, 151 *Ga.* 599 (2) (107 S. E. 850). That an amendment of this character, even to an answer, is not made at the first term, nor until the trial term, would be no reason for disallowing it. Whatever may appear in *Merritt* v. *Bagwell*, 70 *Ga.* 578 (3 *a*), to be in conflict with this statement is shown to be obiter, in *Hill* v. *Cox*, supra, which supersedes also *Harrison* v. *Joiner*, 24 *Ga. App.* 578 (2) (101 S. E. 763). Furthermore, without being pleaded, the proceedings referred to would have been admissible when offered by the plaintiff, in support of his allegation of the tenant relation.

(b) Regardless of the true relation originally existing between the parties, the former adjudication conclusively established that in 1916 the relation of landlord and tenant existed between them (compare *Kennedy* v. *McCarthy*, 73 *Ga.* 346), and no surrender of the premises being made by N. at any time, that relation continued, and N. could not attorn to V., the latter having purchased prior to the entry of N. under Q. See *Raines* v. *Hindman*, 136 *Ga.* 450 (1) (71 S. E. 738, 38 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347); *Stanley* v. *Stembridge*, 140 *Ga.* 750 (3) (79 S. E. 842); *Cohen* v. *Broughton*, 54 *Ga.* 297 (2). There was no issue, therefore, to be determined, except the amount of the rent.

4. Where one enters into possession of the premises of another under the relation of a tenant, and no amount of compensation is agreed upon, the law will imply an undertaking to pay such as will be fair and reasonable, which may be collected by distress warrant sued out by the landlord on an affidavit setting forth and claiming a specific amount as

rent due, the tenant having, of course, the right to controvert the amount of the claim by counter-affidavit, as may be done in other cases of distress warrants. *Rome Railroad Co.* v. *Chattanooga &c. R. Co.*, 94 *Ga.* 422 (1) (21 S. E. 69); *Taylor* v. *Coney*, 101 *Ga.* 655, 658 (28 S. E. 974). This rule does not apply if the entry was not under the plaintiff or if the possession is adverse to him. Civil Code (1910), § 3692; *Lenney* v. *Finley*, 118 *Ga.* 718 (3) (45 S. E. 593); *Atlanta &c. Ry. Co.* v. *McHan*, 110 *Ga.* 543 (35 S. E. 634).

5. It follows from the foregoing that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 12, 1923.

Appeal; from Gwinnett superior court—Judge Fortson. March 9, 1923.

*N. L. Hutchins,* for plaintiff in error.

*O. A. Nix,* contra.