## 30994. MINOR *v.* SUTTON.

DECIDED DECEMBER 5, 1945.

*W. J. Wallace, R. S. & C. W. Foy,* for plaintiff.
*George B. Culpepper Jr.,* for defendants.

PARKER, J. On December 16, 1943, the plaintiff in error, L. L. Minor, purchased a tract of land from M. E. Everett, Mrs. L. P. Gray, and Mrs. Gray's daughter, taking a warranty deed from the sellers. Minor did not enter into actual possession immediately, but sometime in the early spring of 1944 he went upon the property to make repairs on a house thereon; and it appears that at about the same time W. E. Pearson, one of the defendants in error, went upon the land and began breaking it preparatory to cultivating it. Pearson informed Minor that he occupied the land as the tenant of T. G. Sutton, the other defendant in error,

and had done so during the last two years. Thereupon Minor made an affidavit for a dispossessory warrant, setting forth his right to possession under the aforementioned warranty deed, and alleging that the defendants were tenants holding over, and that possession had been demanded of them.

The defendant Sutton arrested the proceedings by filing a counter-affidavit, claiming the right to possession under an alleged lease for ten years beginning January 1, 1941, for which he had executed ten notes of one hundred dollars each, and under which he had the right to possession until January 1, 1950. The counter-affidavit also stated that no rent was due under the alleged lease; that Sutton's term of rent had not expired; that he was not holding over and beyond his term of lease, and that Sutton had sublet a portion of the land to the defendant Pearson for the year 1944. The alleged demand for possession was not denied by the defendants. Upon these issues the parties went to trial before a jury.

The plaintiff introduced his warranty deed and uncontradicted evidence that at the time he purchased the land he had no notice of the lease held by Sutton. The evidence further indicated that the alleged lease was in parol, that at the date of the sale of the land to Minor no one was in actual possession of the land, and that there was nothing which would have put Minor upon notice of the outstanding lease on the property. It appears from the evidence that Everett had managed the property in question, in which he had a half interest, for himself and the other grantors for a number of years, and had verbally authorized one Shepard, a real-estate agent, to rent the property with the understanding that it was for sale, and that any tenant whom Shepard secured would have to deliver possession of the premises on January 1 following the sale of the property, and that Sutton was notified by Shepard of the sale to Minor within two or three days thereafter. The defendant Sutton testified that under the rental agreement he had with Shepard he had been given the option to buy the land at the price at which any prospective purchaser offered to buy, but that he had never been given the refusal at the price at which the plaintiff purchased. Upon the conclusion of the testimony the court directed a verdict for the defendant in the following language: "I am going to direct a verdict for the

defendant on the ground that the demand wasn't made, and on the ground that Sutton was never offered the refusal to buy at $3000. That may be right or wrong, but the Supreme Court will have to correct it."

This case must be determined by the nature of the tenancy of Sutton and Pearson, that is, whether they were tenants at will or tenants at sufferance, after Minor became the owner of the property. If they were tenants at will, they were entitled to two-months' notice from the landlord to terminate their tenancy. Code, § 61-105. If they were tenants at sufferance they were not entitled to notice to quit. *Willis* v. *Harrell,* 118 *Ga.* 906(5) (45 S. E. 794). While holding under the original lessors, the defendants were tenants at will after the expiration of the first year of their oral lease for ten years, under the provisions of the Code, § 61-102; but we think that their status changed when the plaintiff purchased the property without notice of their lease, and they were notified of the sale to the plaintiff. The only contract of rental which the former owners authorized their agent Shepard to make was a contract subject to a sale of the property at any time; and the defendants were to relinquish possession on January 1 following any sale of the property. This contention was not denied or disputed by the defendants. It appears also that the defendant Sutton, who claimed the right to possession under the oral contract with the plaintiff's predecessor in title, was notified promptly of the sale of the land to the plaintiff. His contract ended on January 1, 1944, following the sale of the land on December 16, 1943, and notice to him. Thereafter, although his rental contract had expired and his rights thereunder had terminated, he endeavored to continue to hold possession of the land without lawful right or authority. " 'A tenant on sufferance is one who entered by a lawful demise or title, and after that has ceased wrongfully continues in possession without the assent or dissent of the person next entitled.' . . A tenancy at sufferance differs from a tenancy at will in this: The tenant at sufferance enters lawfully and holds over wrongfully without the landlord's assent or dissent; while the tenant at will holds by the landlord's permission. . . A tenant at will is always in by right, evidenced by permission, express or implied, of the landlord. A tenant at sufferance holds over by wrong, and he is in possession,

not by permission of the landlord, but as a result of his laches or neglect." *Willis* v. *Harrell,* 118 *Ga.* 909 (supra). "If a tenant for a year continues in possession after the expiration of his term, without any right so to do, he is a tenant at sufferance." *Stanley* v. *Stembridge,* 140 *Ga.* 750(5) (79 S. E. 842). We conclude that the defendants were tenants at sufferance under the facts of this case, and were not entitled as such to any notice to quit.

■ In a proceeding under the Code, § 61-301, against tenants alleged to be holding possession of lands or tenements over and beyond the term for which the same were rented or leased to them, brought by one who purchased the lands from the first landlord, a demand upon such tenants to deliver the possession is a condition precedent to the right of the landlord to summarily dispossess the tenants. *Levens* v. *Arp,* 23 *Ga. App.* 198 (97 S. E. 893) ; *Beveridge* v. *Simmerville,* 26 *Ga. App.* 373 (106 S. E. 212) ; *Broadwell* v. *Maxwell,* 30 *Ga. App.* 738 (119 S. E. 344); *Talley* v. *Mitchell,* 138 *Ga.* 392 (75 S. E. 465). But, as in this case, where the affidavit to dispossess the tenants alleged that possession had been demanded, and the counter-affidavit made no denial thereof, and the only issue raised was whether the defendants held under the plaintiff or under an oral lease for ten years made by the plaintiff's vendors, the question of demand was not in issue and proof of demand was not required. *Mitchell* v. *White,* 74 *Ga.* 327; *Hindman* v. *Raper,* 143 *Ga.* 643(2) (85 S. E. 843). It was error, therefore, to direct a verdict for the defendants on the ground that no demand for possession had been made upon them.

■ In a proceeding by dispossessory warrant, under the Code, § 61-301, brought by a purchaser of land from the original landlord, a contention by the tenants, that the plaintiff's vendor had violated an oral option given them to purchase the land before selling it to any other purchaser, did not present a valid defense, and evidence tending to show such a contract should have been excluded on the timely motion of the plaintiff. "Any contract for sale of lands, or any interest in, or concerning them," must be in writing. Code, § 20-401(4). It follows that it was error to direct the verdict for the defendants on the ground that they were not given the opportunity to buy the land under the oral option.

The court erred in directing a verdict for the defendants, and in denying the plaintiff's motion for a new trial.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*