32709.   COOPER *et al* v. VAUGHAN *et al.*

Decided March 10, 1950.  Rehearing Denied March 25, 1950.

Alton T. Milam, Gordon A. Smith, Robert G. Smith, for plaintiffs in error.

James C. Howard, Dunaway, Riley & Howard, contra.

MacIntyre, P. J. (After stating the foregoing facts.) The plaintiffs in error contend that there was only one valid contract, the written agreement for the lease of machinery and equipment, that the alleged oral agreement for the use of the space occupied by the machinery and equipment was without consideration, and that the court, in rendering judgment for the plaintiffs, in effect erroneously permitted the oral testimony of the plaintiffs to add to or rewrite the written agreement. Counsel for the defendants in error invoke the rule that one contract may be the consideration or inducement for another. We now examine the two separate and distinct principles of law respecting the probative value of parol evidence as relating to contracts.

The Code, § 20-704 (1), provides: "Parol evidence is inadmissible to add to, take from, or vary a written contract. All the attendant and surrounding circumstances may be proved, and if there is an ambiguity, latent or patent, it may be explained; so if a part of a contract only is reduced to writing (such as a note given in pursuance of a contract), and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible." This principle has been followed in numerous cases in the appellate courts of this State, some of the most recent being Stonecypher v. Georgia Power Co., 183 Ga. 498 (189 S. E. 13); Cottle v. Tomlinson, 192 Ga. 704 (16 S. E. 2d, 555); Shubert v. Speir, 201 Ga. 20 (2) (38 S. E. 2d, 835); Johnson v. Young, 79 Ga. App. 276 (53 S. E. 2d, 559). This rule fixes the finality of a written contract which is unmixed with fraud respecting the subject-matter. It is moreover a rule of substantive law, and though parol evidence

be erroneously admitted without objection it is without probative value to vary the terms of a written contract. *Cleghorn v. Shields,* 165 *Ga.* 362 (2) (141 S. E. 55). "However, all prior or contemporaneous parol agreements between the same parties are not necessarily merged into the written contract. A distinct collateral oral agreement, not inconsistent with the written one, is not so merged. 13 C. J. 593, § 616. It is a well-settled rule that one contract may be the consideration of another, the inducement to the execution thereof; and where an independent parol agreement has been made as the inducement to the making of a written contract, the former may be proved and enforced, though not referred to in the latter." *Indiana Truck Corporation v. Glock,* 46 *Ga. App.* 519 (1) (168 S. E. 124). As early as *Spier v. Lambdin,* 45 *Ga.* 320, it was said that a written contract for the sale of a lease of a school building and its grounds was, under the allegations of the petition, a consideration for making an independent contract by which the seller agreed not to teach school in the locality, and such independent contract might be proved by parol since it formed no part of the written contract but stood on its own terms. See also *Neuhoff v. Swift & Co.,* 54 *Ga. App.* 651 (2-a,b) (188 S. E. 831); *Langenback v. Mays,* 205 *Ga.* 706 (54 S. E. 2d, 401); 20 Am. Jur. 992, § 1140; 32 C. J. S. 970, § 997. This principle was recognized in *Stonecypher v. Georgia Power Co.,* supra, and *Cottle v. Tomlinson,* supra, but where the court held that the facts showed only one contract, the oral contemporaneous agreement sought to be enforced varying the terms of the written contract.

It will be noted from an examination of the cases that where parol evidence is inadmissible under the first line of cases to vary the terms of a written contract there is only one contract between the parties, and that where it is admissible under the second line of cases two contracts are involved. This distinction should remove much of the difficulty in determining whether or not a contemporaneous oral agreement is enforceable. Where it is enforceable it is not inconsistent with the written agreement. It is separate and distinct from the written contract. In such circumstances no further performance is sought or damages claimed for non-performance under the written contract. That contract stands on its own terms. Any relief under the oral

agreement alleged in the present case would have to be based on the theory that it was the inducement or consideration for the execution of the written contract and, therefore, a binding legal obligation, and not that it was the consideration for the leasing of the machinery and equipment, the real consideration for which was the $90 expressed in the written agreement.

Having in mind the principal stated in the second line of cases hereinbefore cited, counsel for the defendants in error seek to have it applied to the evidence in the present case, asserting that "The consideration for the lease of the real estate was the execution of the written lease for the equipment and fixtures." The written contract expressed as a good and sufficient consideration for the lease of the equipment and fixtures the payment of $90 per month. It was, as stated by counsel for the defendants in error in another part of their brief, "complete unto itself and can have no effect or bearing upon any other agreement that might have been entered into by the parties." Hence, the only complaint that can be made is that the plaintiffs were deprived of some right inherent in the oral lease of the premises or space, the right not to be evicted. The evidence on behalf of the plaintiffs is not, however, of this tenor, but throughout the record the contention is that they were to receive for the $90 per month, not merely the lease of the equipment and machinery, but also the lease of the premises. There is not one statement in the evidence that the written contract was the inducement or consideration for the alleged oral contract or that the alleged oral agreement was the inducement or consideration for the written contract. It is in no wise shown that the execution of the written contract was contingent upon anything else. The position of the plaintiffs in their testimony merely amounts to saying that the written contract does not express all that they were to get for $90, and that it should also express an additional benefit, to wit, the lease of the premises. Obviously, this is nothing more or less than an attempt to vary the terms of a written contract by parol testimony and can not be done. It follows that the court erred in entering judgment for the plaintiffs.

The contention of counsel for the defendants in error that, assuming that there was no consideration for the lease of the

premises, the oral agreement would not be void and the plaintiffs would be entitled to recover, is not under the facts of the case well taken. It is true, as pointed out by counsel, that a contract of rental for a period not exceeding 12 months may be by parol (Code, § 61-102), that when one enters into possession of premises there is an implied obligation to pay a fair and reasonable rental (Code, § 61-103; *New* v. *Quinn*, 31 *Ga. App.* 102 (4), 119 S. E. 457), and that even though no rent is paid the agreement would not be void and the landlord could sue and recover rent. *Southern Bell Tel. &c. Co.* v. *Harris*, 117 *Ga.* 1001 (44 S. E. 885); *Kirkland* v. *Odum*, 156 *Ga.* 131, 135 (118 S. E. 706). However, "where no time is specified for the termination of the tenancy, the law construes it to be for the calendar year [Code, § 61-104]. *Willis* v. *Harrell*, 118 *Ga.* 906 (2), 45 S. E. 794." *Goettee* v. *Carlyle*, 68 *Ga. App.* 288 (5) (22 S. E. 2d, 854). The calendar year is from January 1st through December 31st. *Byrne* v. *Bearden*, 27 *Ga. App.* 149 (1) (107 S. E. 782). The plaintiffs entered into possession on October 16, 1945, and were dispossessed at the end of four months or on February 17, 1946. They paid no rent. While there are in the record several receipts for "rent" and gas and light payments, it is not shown that the recited $90 was for rent of the premises, and it must be taken that this amount was in payment of the contract price for the lease of the equipment and machinery. The testimony of Cooper was that the plaintiffs were merely allowed to use the space occupied by the equipment and machinery without any specific lease agreement, and there was no testimony that specific payments were made for the leased premises, it being contended merely that the $90 consideration was for the equipment and machinery and the premises, whereas we have held above that, properly construed, it was only for the lease of the machinery and equipment as shown by the written agreement. After December 31, 1945, the plaintiffs were merely tenants by sufferance, the record disclosing nothing that would authorize a finding that this tenancy had been converted into a tenancy at will by either the defendants or the real owner of the realty. *Willis* v. *Harrell*, supra; *Stanley* v. *Stembridge*, 140 *Ga.* 750, 755 (79 S. E. 842); *Crawford* v. *Jones*, 27 *Ga. App.* 448 (108 S. E. 807). As such they were not entitled to any notice before

dispossession. *Willis* v. *Harrell*, supra; *Minor* v. *Sutton*, 73 *Ga. App.* 253, 256 (36 S. E. 2d, 158) ; *Haynie* v. *Murray*, 74 *Ga. App.* 253, 256 (39 S. E. 2d, 567) ; Code, § 61-301.

It is also urged by counsel for the defendants in error that G. T. Edwards was fraudulently represented to be the owner of the premises, and that notwithstanding the written contract parol testimony should be allowed to show that the $90 consideration was not only for the lease of the machinery and equipment but also for the premises. We are unable to understand wherein such fraud can be said to vitiate the written contract. The representations, if any, related only to the ownership of the real estate, and not to the subject-matter of the written agreement, the machinery and equipment, the title to which was conceded to be in the defendant Edwards, and it is not claimed that the contents of the written instrument were misrepresented to the plaintiffs. Since it is held that no valid lease for the premises was obtained, it follows that fraudulent representations respecting such ownership were not harmful to the defendants in error.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

### ON MOTION FOR REHEARING.

MacINTYRE, P. J. ' The defendants in error have filed a motion for rehearing in which they contend that this court overlooked the following evidence: "We had an oral agreement for the use of the property for one year. . . In other words, my testimony is that while this agreement as to personal property called for $90 per month that I had an agreement for the use of the premises without additional rent being paid," this being testimony by one of the plaintiffs, and also the following testimony by the defendant Cooper: "They were to use the space where the equipment was. The equipment was already there. They did in fact use it four months." The indicated omitted language is as follows: "We were supposed to pay $90 a month for the use of the property and the equipment." It is contended that the quoted evidence was sufficient to authorize the trial judge to find that there were two agreements, one for the use of the personal property and another for the use of the premises where it was located. But what was the consideration for the oral lease? It is nowhere contended that it was the writ-

ten contract for the lease of the personal property. The whole tenor of the testimony for the plaintiffs was, as stated in the opinion rendered, that the $90 expressed as the consideration for the lease of the personal property was also for the use of the premises. Thus it is sought by oral testimony to change the terms of a written contract and this can not be done. The quoted testimony of one of the plaintiffs does not show to the contrary. If a written contract does not in fact express the real agreement between the contracting parties, the remedy, if any, is reformation in a proper proceeding for that purpose. It was nowhere shown that Cooper had any authority to lease the premises. A written agreement was entered into at the special request of the plaintiffs, according to his uncontroverted testimony, and this instrument, which related only to the use of the personal property, was then taken to the home of his employer and there signed by him.

In renewing their contention that the parol testimony having been admitted without objection should be taken into consideration, it is pointed out that *Cleghorn* v. *Shields*, 165 *Ga.* 362 (2) (141 S. E. 55), which we cited as showing that the question here is one of substantive law, was rendered with two Justices dissenting, and it is asserted by movants that this court is not bound by it and should follow certain cited cases where it is held that where parol evidence of the kind there under consideration was admitted without objection it is entitled to consideration. We regard the *Cleghorn* case as stating sound law, but in any event it is well settled that this court is bound by such a decision of the Supreme Court. Without discussing the cases decided by this court and cited by the movants, it is sufficient to say that any ruling therein made, if contrary to that in the *Cleghorn* case, must yield thereto. In *Walters* v. *Americus Jewelry Co.*, 114 *Ga.* 564 (40 S. E. 803), the parol evidence was admitted, not for the purpose of changing the terms of a written contract, but to determine whether the contract was one of rental or purchase. In *Barber* v. *Housing Authority of Rome*, 189 *Ga.* 155 (5 S. E. 2d, 425), the parol evidence was admitted for the purpose of clarifying a description of property. The inapplicability of these two cases is obvious.

It is further submitted that this court overlooked the fact that

the parties operated under their parol agreement for four months. As hereinbefore pointed out, it was not shown that Cooper had any authority to lease the premises. It appears that his employer had a lease on the premises, but only an unexpired period of about four months remained, and that he, being ill, was retiring from the chicken business. It further appears that, without objection, Cooper allowed the personal property to remain and be used in the space it had occupied until the true owner of the premises notified the plaintiffs to vacate. Nevertheless Cooper was without authority to lease the premises, and though occupying the space the plaintiffs were not even tenants at will. But as pointed out in the opinion, even if it could be said, as contended by the plaintiffs, that the use of the premises created an obligation to pay reasonable rent, then, since no time was specified, the right of possession ceased at the end of the calendar year, and after that they occupied no better position than tenants by sufferance and were not entitled to any notice to vacate. They were, in fact, given notice by the true owner.

All grounds and matters in the motion having been considered, the motion for rehearing is

*Denied. Gardner and Townsend, JJ., concur.*