A. W. CRITCHFIELD, PLAINTIFF IN ERROR, v. SYLVESTER REMALEY, DEFENDANT IN ERROR.

1. **Landlord and Tenant.** Where lands are leased to a tenant for one year for a stipulated rent reserved, and after the expiration of the lease the tenant, without further contract, remains in possession, and is recognized as a tenant by the landlord, in the receipt of rent for another year, this will create a tenancy from year to year.

2. ———: TERMINATION OF TERM. In such case the tenancy can only be terminated by the agreement of the parties, express or implied, or by notice given, six calendar months ending with the period of the year at which the tenancy commenced.

ERROR to the district court for Sarpy county. Tried below before WAKELEY, J.

*J. P. Grove,* for plaintiff in error.

*A. N. Ferguson,* for defendant in error.

REESE, J.

This action was one of forcible detainer instituted in the county court of Sarpy county. The cause was tried to a

jury which returned a verdict in favor of plaintiff. Judgment for restitution was rendered. Defendant then removed the cause into the district court by proceedings in error. Upon a hearing in that court the judgment of the county court was reversed and the cause retained for trial. From the judgment and order of the district court, plaintiff prosecutes error to this court.

The evidence introduced before the county court was preserved in the form of a bill of exceptions, and upon this the decision of the district court was based. From this it appears that one Schaffer had owned the land on which defendant resided, until about the first day of November, 1885, when he sold it to plaintiff. On the first day of March, 1886, plaintiff served upon defendant the usual notice to quit the premises, and on the 5th day of the same month the action was commenced.

The principal question presented is whether defendant was holding over his term, or whether he was a tenant from year to year. If the former, then the notice served was sufficient. If the latter, it was insufficient, as a notice would have to be served at least six months prior to the end of the year in order to terminate the tenancy at that time. Maxwell's Pl. and Pr., 1885 ed., 615. 2 Greenleaf's Ev., sec. 323. Taylor on Landlord and Tenant, sec. 55, et seq. Id., Sec. 475. *Brown v. Kayser*, 18 N. W. Rep., 523 (Wis). *Doe v. Porter*, 3 T. R., 13.

It is the opinion of a majority of the court that the testimony before the county court shows a tenancy from year to year, and that therefore the action was prematurely brought. This conclusion is based principally upon the testimony of Schaffer, the grantor of plaintiff in error· The witnesses all agree that the lease was by the year. Schaffer testified that he leased the land in question to defendant in the spring of 1884, for one year, and that he never made any later contracts with him. That defendant remained on the land during the year 1885, and paid the

same rent as during the year 1884. In November, 1885, Schaffer sold the land to plaintiff in error, who seems to have taken no steps to terminate the tenancy until the service of the notice to quit on the first day of March, 1886.

In Maxwell's Practice in Justice's Courts (1884 ed.) 550, it is said : "When a tenant for a year or any other definite period holds over, no notice, except that required in proceedings for forcible entry and detainer, is necessary, because without a new agreement the tenancy is at an end. But when the owner, after the expiration of that period, does any act recognizing the continuance of the relation of landlord and tenant, it will create a tenancy from year to year, or for a shorter period, depending somewhat on the nature of the original lease."

In a note to the above it is said : "A tenancy from year to year requires a formal notice by either landlord or tenant to terminate the lease, because where after the expiration of a term for years the tenant remains in possession by consent of the landlord, the law will imply, in the absence of express agreement, that the lease is continued for at least another year ; therefore the necessity that notice of a purpose to terminate the lease should be given."

The above quotations are made at length for the reason that it is believed by the writer that they correctly state the law applicable to this case and in apt language. It appears by the testimony that the contract of lease was for one year. That after the expiration of that period Schaffer "recognized the continuance of the relation of landlord and tenant" by the receipt of rent for the second year, and no effort to terminate the lease until the first of March of the third year, without any further agreement. The law will therefore imply, " in the absence of express agreement, that the lease is continued for at least another year," and therefore notice of an intention to terminate the lease was necessary.

It was the opinion of the writer that as the ground of

error upon which the judgment of the county court was reversed was the 6th assignment of the petition in error, "That the verdict and judgment ought to have been for the plaintiff in error, and against the defendant in error," which was in substance, that the verdict was not sustained by the evidence, that the question of the character of the tenancy was one of fact upon which the verdict of the trial jury should be final. But it is quite probable that the testimony relied on by defendant in error could not in any view sustain the verdict. At any rate, since the cause stands for trial in the district court, I consent to the affirmance of the order complained of.

The order of the district court is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.