## ROBERSON *v.* SIMONS.

1. Where land is rented to a tenant for one year at a stipulated rental, and after the expiration of the term the tenant, without further contract, remains in possession and pays the rental annually at the agreed rate, a tenancy from year to year is created.

2. If at the end of a given year, without giving the landlord any notice of an intention to terminate the tenancy, the tenant abandons the premises, but leaves in possession another, who has previously been his subtenant, and if the latter then remains on the property for an entire year and a portion of the succeeding year, the original tenant is liable to pay the landlord rent for these two years, at the contract rate.

Submitted November 3, — Decided December 1, 1899.

Certiorari.    Before Judge Spence.    Stewart superior court. April term, 1899.

*B. F. & G. Y. Harrell*, for plaintiff in error.

FISH, J.    In March, 1888, Simons sued Roberson, in a justice's court, for the rent of certain land, for the years 1896 and 1897, at the rate of $23.00 per annum.    The magistrate rendered a judgment in favor of the plaintiff; there was an appeal to a jury in the justice's court, and a verdict rendered for the plaintiff.    The defendant took the case, by certiorari, to the superior court, where the certiorari was overruled and dismissed, and he excepted.    As the verdict was for the plaintiff, in considering the questions involved, wherever there is a conflict in the evidence, we take the case as made by his testimony.    In 1888 Simons rented the land to Roberson, for $23.00 per annum.    The contract between the parties was in parol, and the duration of the tenancy was not specified.    Roberson went into possession of the premises and, without any further contract, remained in possession of the same for a number of years, annually paying to Simons the rent agreed upon.    Some years prior to 1895 Roberson put his son in possession of the land as his tenant, and still continued to pay the rent to Simons until the beginning of the year 1896, after which he paid no more rent.    He never gave Simons any notice whatever of a desire to terminate the tenancy.    Roberson's son remained in possession of the premises until April, 1897.    Under these circumstances, was the defendant liable to the plaintiff for the rent of the land for the years 1896 and 1897?    No time being specified in the contract for the duration of the tenancy, the law construed it to be for the calendar year.    Civil Code, § 3132. When, after the expiration of the tenancy created by the express contract of the parties, without any further agreement the

tenant, with the consent of the landlord, remained in possession of the rented premises, paying for the same the rent stipulated in the contract for the first year, a tenancy from year to year arose by operation of law. Woodfall's Landlord and Tenant, 358, *222; Taylor's L. & T. §§ 55, 56; Wood's L. & T. § 26; 12 Am. & Eng. Enc. L. 675 et seq. See also Brown *v.* Kayser, 60 Wis. 1, in which Cassoday, J., cites many cases.

As far back as Wright *v.* Darby, 1 T. R. 161, Lord Mansfield said: "If there be a lease for a year and by consent of both parties the tenant continue in possession afterwards, the law implies a tacit renovation of the contract. They are supposed to have renewed the old agreement, which was to hold for a year. But then it is necessary, for the sake of convenience, that if either party should be inclined to change his mind, he should give the other half a year's notice before the expiration of the next, or any following year." Tenants from year to year have always been held entitled to notice. See cases cited in monographic note to Stedman *v.* McIntosh, 42 Am. Dec. 126. Indeed, at the ancient common law such tenancies were the only ones in which a notice was required. Ib. In 12 Am. & Eng. Enc. L. 679, it is said: "A tenancy from year to year, or other term having periodicity, is terminated by notice to quit." See also 2 Taylor's L. & T. § 467; 1 Wood's L. & T. §§ 26, 28; 1 Woodfall's L. & T. 534, *335. In tenancies from year to year the giving of notice is mutual, and the tenant can not leave without giving the same notice of his intention that is required of the landlord to end the tenancy. See cases cited in the note to Stedman *v.* McIntosh, supra, on page 139; also Critchfield *v.* Remaley, 21 Neb. 178.

So it is beyond question that a tenant from year to year, in order to terminate the tenancy, must give notice of his intention to quit. Whether in this State such notice must be for six months as required at common law, or for one month as required in section 3133 of the Civil Code from tenants at will, it is not necessary to decide, as in this case no notice whatever was given to the plaintiff by the defendant of an intention to terminate the tenancy. In the absence of such notice, the plaintiff certainly had the right, under the law, to treat the

tenancy as continuing, and to recover of the defendant the rent for the year 1896, at the agreed rate. We think he also had the right to recover rent for the year 1897. While, without actual notice to the landlord, mere abandonment of the premises, at the expiration of any year of the tenancy, might perhaps be sufficient to bring home notice to him of the tenant's intention to terminate their relationship, so as to prevent the landlord from holding him liable for rent beyond the year immediately succeeding such abandonment, we think in this case the landlord was entitled to recover the rent for both the years 1896 and 1897; for until April, 1897, there was nothing to put the landlord upon even implied notice that his tenant had abandoned the rented premises. Roberson's son, who was put in possession of the land by his father, as his tenant, some years before 1895, held possession of the same until April, 1897, and up to 1896 Roberson continued to pay his landlord, Simons, the annual rent. So far as Simons knew, the son was still the tenant of the father in 1896 and 1897. With the son, who presumably still held for his father, in possession of the land, the mere non-payment of rent to Simons for the year 1896 was not sufficient to put him upon implied notice that his tenant had abandoned the premises. We apprehend that it is not unfrequently the case that a tenant remains in possession of rented premises for a year or more without paying the annual rent for the same. There was no error, therefore, in overruling and dismissing the certiorari.

*Judgment affirmed. All the Justices concurring.*