WEEKS-THORNE PAPER CO. v. GLENSIDE WOOLEN MILLS.

(Supreme Court, Appellate Division, Fourth Department.   July 12, 1910.)

Appeal from Special Term, Onondaga County.

Action by the Weeks-Thorne Paper Company against the Glenside Woolen Mills. Judgment for plaintiff (64 Misc. Rep. 205, 118 N. Y. Supp. 1027), and defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Lewis & Crowley, for appellant.

Olmsted & Van Bergen, for respondent.

PER CURIAM.　Judgment affirmed, with costs.

McLENNAN, P. J., votes for affirmance on opinion of Andrews, J., at Special Term.　SPRING and KRUSE, JJ., vote for affirmance.

ROBSON, J. (dissenting).　I dissent, and vote for reversal of the judgment.　Plaintiff's cause of action is based upon a charge that defendant is polluting the waters of Skaneateles creek by discharging therein waste matter from its mill, and is thereby maintaining a public nuisance, which causes special injury to plaintiff.　The court has found these facts, and also specifically finds that plaintiff, since it has owned and operated its own mill, has discharged into the same stream paper waste and waste matter from its mill substantially the same as other paper mills located on the stream above its plant, "and has thus itself continued to cause during said period pollution of the water." In other words, it is itself committing the same wrong against the public which it claims defendant is perpetrating.

The basis of plaintiff's action is necessarily the public nuisance created by defendant; otherwise, it would appear that defendant might be allowed a prescriptive right to use the stream in the manner complained of.　But plaintiff equally offends against the public right.　In trade-mark cases, the fact that plaintiff is himself in any way deceiving the public is a sufficient ground for denying injunctive relief.　Manhattan Medicine Company v. Wood et al., 108 U. S. 218, 227, 2 Sup. Ct. 436, 27 L. Ed. 706.　It seems, also, to have been held that an erection extending into a public street no farther than a stoop upon plaintiff's adjoining property was no practical interference with the street of which plaintiff could complain.　Wormser v. Brown, 149 N. Y. 163, 172, 43 N. E. 524.　Plaintiff contributes to the maintenance of a public nuisance, just as defendant does.　It equally offends, and ought either to correct its own fault, or bear its share of the burden of the public nuisance, which it helps to maintain.　A court of equity should not aid a wrongdoer to more profitably continue his wrongdoing, by restraining at his instance and for his especial benefit a brother offender from engaging in a like practice.

It is unnecessary to consider other grounds upon which a reversal of the judgment might well be predicated.

WILLIAMS, J., concurs with ROBSON, J.