9242.   MAY & SONS *v.* ADAIR *et al.*

WADE, C. J. Certain premises were occupied by tenants under a written lease for the term of one year commencing September 1, 1914, and ending August 31, 1915, at a price named, payable monthly in advance. Shortly before the expiration of the term the tenants requested the landlords to reduce the rent, and this request was refused; but the tenants agreed that the landlords might prepare a renewal lease (for the ensuing calender year, at the same price) which they would then "decide" upon. After the expiration of the lease, one of the tenants again asked the landlords for a reduction of rent, and this request was likewise refused. The tenants remained in possession of the premises

after the expiration of the lease for a period of 6 months, without further agreement and regularly paying rent therefor, monthly, in advance, at the rate fixed by the contract for the previous year, during this entire period. At the end of this time the tenants vacated the premises, and the property remained unrented for the rest of the year following the expiration of the written lease aforesaid—a period of 6 months. The tenants notified the landlords, about one month before they vacated the premises, of their intention so to vacate. At no time was there any agreement on the part of the landlords either to reduce the rent or that the tenants might vacate before the expiration of 12 months from the date when the former contract expired. ·Held:

1. In view of the previous written contract covering a full calendar year and providing for the payment of rent in advance each month, and of the testimony showing the several definite refusals by the landlords to reduce the rent as requested by the tenants, and in the light of the agreement by the tenants that the landlords might prepare a lease on the same terms for their acceptance or rejection, and their continued occupation of the premises after the beginning of the new proposed term, with the payment of rent each month for six consecutive months, in accordance with such proposed terms, and notwithstanding a further refusal by the landlords to reduce the rent (soon after the new term had begun), and there being expressly no tenancy at will, and no time specified for the termination of the tenancy, the law will imply an agreement on the part of the tenants to hold the premises for a calendar year for the same rental, payable monthly. Civil Code, § 3708.

2. Under the facts above recited, the court did not err in directing the verdict against the defendants.

Judgment affirmed. Jenkins and Luke, JJ., concur.

Decided April 12, 1918.

Complaint; from Fulton superior court—Judge Ellis. September 8, 1917.

*David Eichberg,* for plaintiffs in error.

*J. H. Porter, Rosser, Slaton, Phillips & Hopkins,* contra.