## 11939. BYRNE *v.* BEARDEN.

1. The words " the calendar year," in the Civil Code (1910), § 3708, mean from January 1st to December 31st next thereafter inclusive.
2. When a tenant, under a contract of rental with the landlord, which provides that the rent is to be paid monthly but specifies no time for the termination of the tenancy, enters lawfully into possession of the premises, and, after the expiration of the calendar year, remains in possession thereof by permission of the landlord, who continues to receive the rent monthly, a tenancy at will is created.
3. For a landlord to terminate a tenancy at will under the provisions of the Civil Code (1910), § 3709, the notice to quit must be served at least two months before the definite‾time fixed by the notice for the tenant to quit the premises.
DECIDED JUNE 14, 1921.

Certiorari; from Fulton superior court — Judge George L. Bell. October 14, 1920.

*Winfield Payne Jones,* for plaintiff.

*Paul Donehoo,* for defendant.

BLOODWORTH, J. On April 1, 1920, a warrant to oust was issued in favor of Mrs. Mary Byrne, landlord, against Charles Bearden, tenant, for holding a certain " house and premises over and beyond the term for which the same was rented or leased to him." Bearden filed a counter-affidavit denying that he was holding over and beyond the period for which he rented. On the trial in the municipal court of Atlanta the judge presiding rendered· judgment in favor of the defendant. The case was carried to the superior court by certiorari, the certiorari was overruled, and the case· was brought to this court for review.

1.   The first question to be determined is when, under the contract, did the period for which the premises were rented expire. The evidence showed that in May· or June, 1919, the plaintiff rented to the defendant an apartment at an agreed rental of $30 per month, about which the landlord swore: " No time was specified for the termination of the tenancy. I rented it to him by the month. Nothing was said as to when the tenancy should terminate.   .   .   I had no agreement as to when he should get out " (this evidence was not controverted) ; that perhaps in September the rent was raised to $37.50; and that the tenant, with the permission of the landlord, remained in possession after the beginning of the year 1920, and continued to pay his rent. The Civil Code (1910), § 3708, provides that " Where no time is specified for the termination of tenancy, the law construes it to be for the calendar year." The calendar year as here used means from January 1 to December 31 inclusive. Therefore, when a contract of rental is entered into in May or June, the rental to be paid monthly, and no time is specified for the termination of the tenancy, it expires on the 31st day of the next December. This question is settled by the section of the code just quoted and by the decision of the Supreme Court in the case of *Willis* v. *Harrell,* 118 *Ga.* 906 (2) (45 S. E. 794). The case just cited deals with a rent contract made in February, where the tenant agreed to pay rent by the month, but no. time was specified for the termination of the tenancy. In the opinion in that case Justice Cobb said: " It will thus be seen, that, under the testimony of Harrell, junior, the relation of landlord and tenant existed between him and the defendant, and that the tenancy was, by the month, with no time specified for its termination. The code declares that where no time is specified for the termination of the tenancy, the law construes it to extend to the end of the calendar year. Civil Code, § 3132 [Civil Code of 1910, § 3708]. The case falls within the very terms of this section, and therefore the tenancy created by the agreement between Harrell, junior, and the defendant terminated on December 31, 1892."

2.   The next question is, what was the character of the tenancy after the expiration of the calendar year in which the contract was made? This question is also settled by the ruling in the case of *Willis* v. *Harrell,* supra. See pages 908, 909, The tenant en-

tered lawfully into possession of the premises under the contract with the landlord, and, after the expiration of the calendar year, remained in possession by the permission of the landlord, as shown by her continuing to receive the rent monthly. Thus was created a tenancy at will.

3. The last question is, was the tenant given proper and timely notice to vacate the premises? Section 3709 of the Civil Code of 1910 provides that " Two months notice is necessary from the landlord to terminate a tenancy at will." The record in this case shows that on the 20th or 21st day of January, 1920, a written notice dated January 1, 1920, was served on the tenant that he must vacate by the 1st of March. On March 7th the landlord wrote to the tenant as follows: " On January 20th, 1920, I handed you a notice personally advising that I wanted my apartment within sixty days in order to make some repairs to same for future occupancy. This is your second notice. Please make your plans to vacate the apartment on or before March 30th, 1920. Enclosed you will find receipt for rent to expiration date, viz. March 30th, 1920." The time from the service of the notice dated January 1st to the 1st of March was not two months, and the letter which requested the tenant to vacate on the 30th of March was dated March 7. In a supplemental brief counsel for the plaintiff in error insists that " regardless of the written notice the tenant was notified orally more than two months prior to April 1, 1920, the last notice being substantially a confirmation of the oral notice or advices given on January 20th that the defendant must vacate on April 1, 1920." The record shows that just after the written notice to vacate on March 1, was received by the tenant, he met the landlord and she told him she was sorry to have to give him notice to quit, and said " she wanted to get $75; that other people were getting it out of houses no better." Thereupon the tenant told the landlord that he did not recognize her right to give him notice to quit; that he did not want to be put out in the street; that she told him " No, that he could stay on until he found a place, provided he got out the latter part of March or the 1st of April. " We do not think that this conversation amounted to a notice to quit as required by § 3709 of the Civil Code. That the landlord did not so consider it is shown by the fact that she mailed to the tenant the letter above quoted, and which is dated

March 7, 1920. From the foregoing it is apparent that the landlord did not comply with § 3709, and that two months notice to quit was given the tenant. This being true, the trial judge properly rendered a verdict in favor of the tenant, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*