14307.   CARTER *v.* HART.

JENKINS, P. J.   A suit on a yearly contract for rent was brought in the
municipal court of Macon, the plaintiff claiming a balance due for the
last two months covered by the alleged contract.   The petition alleged
that "petitioner rented to defendant a part of his house known as 735
College street in the city of Macon, for a term beginning October 1st,
1921, and ending September 30th, 1922, at a monthly rental of $42.50."
The judge charged the jury as follows: "Where there is a lease for a
year, and the tenant, after the expiration of the lease, by the consent
of both parties remains in possession of the premises and continues to
pay rent to the landlord under the terms of the lease, which rent is
accepted by the landlord, the law implies a renewal of the lease for
another year."   The jury found in favor of the plaintiff, and the de-
fendant excepted to the quoted extract from the charge, on the ground
that the evidence for the plaintiff showed an express renewal contract

15

for the term of one year, whereas the evidence for the defendant showed an express contract by the month and not by the year, and that there was no question of an implied renewal contract involved. The motion for new trial does not assign error on the ground that the charge was unauthorized by the pleadings. The judge of the municipal court refused the motion for a new trial, and the judge of the superior court overruled a certiorari. *Held:*

1. The reasonable meaning of the exception taken to the charge being limited to the complaint that it was unauthorized by the evidence, it is unnecessary to determine whether the language of the pleading is necessarily limited to a claim under an express contract. See *Harris* v. *Cleghorn*, 121 *Ga.* 314, 316 (48 S. E. 959).

2. While there was evidence from the plaintiff from which the jury would have been authorized to believe that upon the expiration of the preceding yearly contract there was an express contract of renewal for twelve months, and while there was evidence from the defendant from which they would have been authorized to believe that there was a new express contract of rental by the month instead of by the year, there was, however, other evidence from which the jury were fully authorized to find that there had been no actual meeting of the minds of the parties with reference to a new express contract of rental, either for twelve months or by the month; and since, under the undisputed evidence, the defendant continued to occupy the premises after the expiration of the preceding yearly term, and continued to pay rent which was accepted by the landlord, the court did not err in giving in charge the principle of law excepted to.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones. January 5, 1923.

*Hall, Grice & Bloch,* for plaintiff in error.

*Strozier & Deaver,* contra.