[No. 18913. Department One. April 18, 1925.]

## W. C. U'REN et al., Respondents, v. FALLS CITY MILL & FEED COMPANY, Appellant.[1]

WAREHOUSEMEN (5)—NEGLIGENCE—DELIVERY OF GOODS—BREACH OF CONTRACT. A warehouseman is liable for special damage in the value of a crop of wheat, where he assumed to make redelivery of bluestem spring wheat, stored with him, knowing at the time that it was wanted for spring seeding, and through negligence delivered a substitute wholly unsuitable, resulting in a failure of the crop; and it is no defense that he was not notified at the time of the original storage that it would be used for seeding.

SAME (7)—ACCEPTANCE OF GOODS—NEGLIGENCE OF OWNER—EVIDENCE. Contributory negligence in accepting from a warehouseman redelivery of seed wheat without inspecting it, is a question for the jury, where the character of the wheat negligently substituted for the owner's was never called to his attention.

WITNESSES (126)—IMPEACHMENT—CONTRADICTION OF WITNESS. It is proper to call an impeaching witness to contradict a party's evidence of a conversation which he claimed to have had with such witness.

APPEAL (433)—REVIEW—HARMLESS ERROR—ERROR FAVORABLE TO APPELLANT. It is not ground for a new trial, asked by defendant, that the verdict against him was less than it might or should have been.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered February 25,

[1]Reported in 235 Pac. 2.

1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Voorhees & Canfield,* for appellant.

*John M. Gleeson* and *Clyde H. Belknap,* for respondents.

ASKREN, J.—This is an action for damages claimed to have been suffered by mixing of grain stored with the defendant. The facts may be briefly summarized as follows:

In September, 1921, the plaintiff stored fifteen sacks of Blue Stem spring wheat and approximately forty sacks of Jones Fife winter wheat with the defendant. At that time nothing was said as to the use to which the wheat should afterwards be put. In March, 1922, the plaintiff contracted with his tenant, one Valentine, who was renting on shares, to furnish seed for sowing twenty-eight acres in spring wheat. In May of the same year, the plaintiff asked defendant for the redelivery of the Blue Stem spring wheat, and notified it that the same was to be used for seed. The defendant's agent, one Gosselin, said he would separate the sacks of Blue Stem wheat from the Jones Fife winter wheat, and thereupon delivery was made. The plaintiff furnished the wheat so delivered to his tenant, Valentine, who sowed the same, and it later developed that the seed was not Blue Stem spring wheat, but was a winter wheat known as "Gold Coin." As a result the crop was a failure, and Valentine brought suit and recovered judgment from the plaintiff, U'Ren, who, in turn, brought this action against the defendant company for negligence in delivering to him a wheat different from that which he had delivered for storage. A jury trial resulted in a verdict in the sum of $364,

upon which judgment was entered, and defendant appealed.

Appellant claims that the court erred in submitting to the jury the question of special damage by reason of the loss of crop, inasmuch as there was no evidence to show that, at the time the wheat was stored with appellant, it had any notification that it was to be used for seed. Counsel cite a wealth of authority to the effect that for special damages to be recoverable they must have been in contemplation of the parties, and that the party to be charged should have notice of such circumstances so that it could be assumed that he contracted with reference thereto. It seems to be the theory of appellant that unless notice was given at the time the wheat was stored as to the use to which it was intended to be put, the only damage recoverable would be the difference in the value of that delivered and that which was originally stored. It may be assumed that this theory is correct, if at the time respondent called for delivery he had been told that, through negligence or otherwise, it had been disposed of and a different kind would be delivered to him; but when delivery was called for and notification was given that it was intended to be used as seed, every act performed thereafter became charged with this notice. Therefore, when appellant, through its agent, selected and delivered to respondent as the Blue Stem spring wheat which respondent had previously stored with it, and which it then knew was intended to be used for seeding purposes, an entirely different kind, wholly unsuitable for spring planting, it became liable for its negligence in so doing. In other words, the action in this case is based not so much upon the negligence of having mixed respondent's grain, but in having delivered the wrong grain after notice that it was to be used for a specific purpose. Upon this state of the facts, it requires no

citation of authority to show that the special damage submitted to the jury was proper, inasmuch as it was within the contemplation of the parties to the contract after notice was once given.

Appellant also urges the negligence of respondent, insisting that there was testimony to the effect that, when this wheat was placed in storage, the agent, Gosselin, had notified him that it was not pure Blue Stem spring wheat, but contained other varieties of spring wheat, and that, with this information, respondent had no right to accept the wheat when it was re-delivered to him without a further investigation as to its character. Without going into detail regarding this assignment, a reading of the statement of facts shows that the evidence was conflicting, and the verdict of the jury is conclusive upon this particular question. While the evidence of appellant sought to show that the wheat was a mixed variety of spring wheat, yet the evidence as a whole conclusively disclosed that the wheat delivered was a winter wheat, which, in the light of the jury's finding, must establish the fact that the wheat delivered by appellant to respondent was not that left in storage.

The argument that respondent was guilty of negligence in not making an investigation of the wheat which he had delivered for storage, before selling it for seed, is dependent upon whether the question of the character of the_ wheat he stored or had delivered to him had ever been called to his attention, and upon that point respondent testified directly that he had never been told that the wheat was mixed.

Objection is also made to the testimony of the witness Belknap, called as an impeaching witness. Gosselin testified to a conversation had with Belknap, and it was to contradict this that Belknap testified. We are

of the opinion that the testimony was properly admitted.

Finally, it is contended that a new trial should have been granted because the verdict was the result of passion and prejudice. It appears that the amount allowed respondent was the same amount that respondent had been compelled to pay to Valentine by reason of the delivery of the wrong seed, and it is now contended that, inasmuch as the testimony of respondent justified a recovery, if any, in the sum of approximately $1,500, the smaller amount was not the result of the evidence. It may be that, had respondent moved for a new trial upon this ground, it should have been granted; but appellant cannot complain that a finding against it upon the facts carried with it a verdict in a lesser amount than might have been justified under the evidence. 29 Cyc. 848.

The judgment is right and is therefore affirmed.

TOLMAN, C. J., PARKER, MAIN, and BRIDGES, JJ., concur.