22746. HEATON *v.* FULTON NATIONAL BANK.

DECIDED APRIL 28, 1933.

*M. J. Head,* for plaintiff in error.

*Harold Hirsch, Marion Smith, A. S. Clay, D. B. Howe,* contra.

SUTTON, J. This was a proceeding to remove a tenant, under sections 5385 et seq. of the Civil Code (1910). The trial resulted in a verdict for the plaintiff. The defendant's motion for a new trial was overruled, and he excepted.

Where, in consideration of the withdrawal of certain pleas interposed to proceedings brought against the defendant by the plaintiff, the plaintiff agreed orally with the defendant that he could

occupy a house of the former, which had been taken over by the plaintiff from the defendant under said agreement, until certain other property was sold by the plaintiff, the defendant to help pay the insurance and taxes on the same, the agreement was a parol lease, the duration of the tenancy by its express terms depending upon the happening of a contingency. Such an agreement, not naming any term, but limited to endure until the happening of the contingency, can not properly be considered as a lease for years, but created a tenancy at will. *Anthony Shoals Power Co.* v. *Fortson,* 138 *Ga.* 460, 462 (75 S. E. 606). "Contracts creating the relation of landlord and tenant for any term not exceeding one year may be by parol, and if made for a greater time shall have the effect of a tenancy at will." Civil Code (1910), § 3693; *Hooper* v. *Dwinnell,* 48 *Ga.* 442; *Beveridge* v. *Simmerville,* 26 *Ga. App.* 373 (106 S. E. 212). As the term of the parol agreement was indefinite, the defendant was a tenant at will of the plaintiff, and the plaintiff could terminate the tenancy by giving the defendant two months' notice. Civil Code (1910), § 3709. Accordingly, where, on the trial of the dispossessory proceeding in this case, the evidence showed that the defendant retained possession of the premises for over five years under such a parol agreement, had not paid anything on the insurance and taxes for over a year, and that the statutory notice of two months had been given him by the plaintiff, a verdict for the plaintiff was demanded. In such circumstances, any inaccuracies and errors in the charge of the court were immaterial, and the court did not err in overruling the motion for new trial, containing several special grounds complaining of certain alleged errors in the charge of the court. *Pendergrass Banking Co.* v. *Murphy,* 31 *Ga. App.* 386 (120 S. E. 670); *Futrelle* v. *Karsman,* 41 *Ga. App.* 765 (154 S. E. 714).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*