31572. STEPP *v.* RICHMAN *et al.*

DECIDED MAY 9, 1947.

*Stafford Brooke,* for plaintiff in error.
*D. W. Mitchell, Walter H. Bolling,* contra.

FELTON, J. In order for the plaintiff in a dispossessory-warrant proceeding to recover on the ground that the defendant tenant is holding over and beyond his term, it is encumbent on the plaintiff to show the nature and term of the tenancy in order to establish the fact of the holding over. In April 1946, the plaintiff, a partnership, purchased from a landlord a dwelling occupied by the present defendant and wrote the tenant: "Please be advised that as of April 1 . . [we] have purchased the house you reside in. . . There is a possibility that we will in the very near future resell this property and until further notice your rental will

be the same as you have paid until now and we will appreciate your mailing your rental check to me." On May 24, the plaintiff gave the defendant notice that he must quit the premises on August 1, apparently proceeding on the theory that the defendant was a tenant at will. The only evidence concerning the nature of the tenancy was: "Mr. Stepp [the defendant] had the property rented by the month, month to month proposition." Tenancies at will in Georgia may be created by (1) express contract (Code, § 61-104), and on this point the plaintiff testified, "well, there was no contract, that was the rent he was paying when I bought it;" (2) by force of statute, where a contract creating the relationship of landlord and tenant is made in parol for à greater time than one year, the tenancy is to be treated as one at will (§ 61-102), and there is no such evidence on this point; or (3) by implication, as for example, where there was no original express contract for a definite term, under which circumstances the law construes the tenancy to be for the calendar year (§ 61-104), and at the end of the calendar year the tenant continues in possession with the permission of the landlord who continues to accept rent; or to use the example pointed out by counsel for the plaintiff, an oral lease not naming any term, but limited to endure until the happening of a contingency, creates a tenancy at will. *Heaton* v. *Fulton National Bank*, 46 *Ga. App.* 773 (169 S. E. 216); *Anthony Shoals Power Co.* v. *Fortson*, 138 *Ga.* 460 (75 S. E. 606). The evidence fails entirely to establish that the relationship of tenancy at will existed either between the plaintiff and the defendant or between the defendant and the plaintiff's predecessor in title. There is no evidence as to when and under what circumstances the tenant entered into possession of the premises nor as to when his term would determine. If the tenant rented the dwelling during 1946 on a "month to month proposition" and there was no time specified for the termination of the tenancy the law would construe the tenancy to be for the calendar year (Code, § 61-104; *Byrne* v. *Bearden*, 27 *Ga. App.* 149, 107 S. E. 782), and the defendant would not be subject to eviction by summary proceedings prior to December 31, 1946. If the tenant entered into possession on a "month to month proposition" in 1945, or before, with no time specified for the termination of the tenancy it would, of course, determine on December 31, of the year in which the tenant en-

tered, and if he remained in possession with the permission of the landlord who continued to accept rent the tenancy would obviously be one at will. The evidence shows no such circumstances. If the tenant had entered under a "month to. month proposition" in 1945, or before, with a time specified for the termination of the tenancy and on the termination of the term the tenant continued in possession with the permission of the landlord who continued to accept rent the law would imply the renewal of the agreement for an additional year or less, and had the original term been for a year then the renewal term would have been for a year *(Roberson v. Simons,* 109 *Ga.* 360, 34 S. E. 604; *Willis* v. *Harrell,* 118 *Ga.* 906, 45 S. E. 794), and under this assumption, again the tenant would not be subject to eviction in the absence of a showing that his term had ended. The plaintiff's evidence shows conclusively that the plaintiff purchased the dwelling knowing that some relationship of landlord and tenant existed between the defendant and the plaintiff's predecessor in title. The defendant's possession was notice to the world, and particularly to a prospective purchaser, of what that relationship was, and the defendant was entitled to stand on whatever agreement he had with the plaintiff's predecessor in title, nor would the plaintiff's letter to the defendant that until further notice the rental of the property would be the same as before constitute a new contract of tenancy, under the circumstances of this case, so as to convert whatever the tenancy was into one at will determinable by two months' notice to quit.

It follows, therefore, that the plaintiff failed to carry the burden of establishing that the defendant's term had ended and that he was holding over and beyond his term so as to subject the defendant to be dispossessed upon a warrant sued out in November, 1946.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*