31477.  METZER *v.* CONNALLY REALTY COMPANY.

DECIDED MAY 20, 1947.  REHEARING DENIED JUNE 11, 1947.

*C. G. Battle,* for plaintiff in error.
*Lee E. Bobet, J. F. Kemp,* contra.
*Yantis Mitchell,* as amicus curiæ.

TOWNSEND, J. (After stating the foregoing facts.) Upon the trial the undisputed evidence showed the following facts: Mrs. Metzer first rented the rooms in question on January 1, 1935, and remained in possession thereof until the bringing of this suit in 1946, and paid her rent every month during all of those years; that when she and Ben A. Jones, agent for the landlord, entered into the oral-rental contract on January 1, 1935, the agreement was that she should pay the rent by the month, but nothing was said about the termination of the contract and there was no agreement or stipulation as to the duration of her tenancy. Both Jones, the landlord's agent, and the tenant so testified, and they were the only witnesses in the case. Where no time is specified for the termination of a tenancy, the law construes it to be for the calendar year (Code, § 61-104; *Willis* v. *Harrell,* 118 *Ga.* 906 (2), 45 S. E. 794); and the words "calendar year" mean from January 1 through December 31 next thereafter inclusive. *Byrne* v. *Bearden,* 27 *Ga. App.* 149 (107 S. E. 782).

When a tenant, under a contract of rental with the landlord, which provides that the rent is to be paid monthly but specifies

no time for the termination of the tenancy, enters lawfully into possession of the premises, and, after the expiration of the calendar year, remains in possession thereof by permission of the landlord, who continues to receive the rent monthly, a tenancy at will is created. *Byrne* v. *Bearden,* supra.

Although relied upon by counsel for the plaintiff in error, the case of *Willis* v. *Harrell,* supra, contains nothing to the contrary. In this case the premises were rented February 10, 1892. No time was specified for the termination of the tenancy. The rent was payable monthly. No rent was paid or demanded after December 31, 1892. The tenant holding over was declared to be a tenant at sufferance, but on page 908 of the opinion the court said: "If there had been anything to indicate consent on the part of the owner for the tenant to hold possession after the expiration of the term, a tenancy at will might have been created."

The defendant in error maintains by argument that the questions of law presented in the instant case are controlled adversely to the plaintiff in error by the rulings in *Byrne* v. *Bearden,* supra, and that the rulings in *Roberson* v. *Simons,* 109 *Ga.* 360 (34 S. E. 604), and *While* v. *Simplex Radio Co.,* 188 *Ga.* 412 (3 S. E. 2d, 890), are not in conflict therewith. We agree with the contentions of the defendant in error.

Under the facts in the *Roberson* case, supra, the landlord rented the property in question to the tenant in the year 1888 for the yearly rental of $23, the contract being in parol and the duration not specified. Later the tenant put his son in possession of the land as his tenant and contracted to pay rent as specified per annum until the beginning of the year 1896, after which he paid no more rent. No notice of the termination of the tenancy was given by either party and, in April, 1897, the tenant abandoned the premises.

Under these circumstances the court held the tenancy to be one from year to year and also held that the tenant was liable for the rent for the years 1896 and 1897. The question to be determined in the *White* case, supra, was whether or not a certain parol contract of employment was within the statute of frauds because its performance was to extend beyond one year. In the opinion in that case the court made the following observations and thereupon quoted from the *Roberson* case as follows: (1) "The distinction noted

at the outset of this opinion might be a sufficient answer to this argument; but we may call attention to the fact that in the case of landlord and tenant, an oral contract is binding only to the end of the first year, and that for each succeeding year the contract is renewed, as of the beginning of the year, by acquiescence." (2) "Where land is rented to a tenant for one year at a stipulated rental, and after the expiration of the term the tenant, without further contract, remains in possession and pays the rental annually at the agreed rate, a tenancy from year to year is created."

Also cited in the history of the case is *Carter* v. *Hart,* 31 *Ga. App.* 225 (120 S. E. 432). An examination of that case will disclose that the suit was brought on a yearly contract and dealt with as such.

The distinction between the cases holding that continuing to accept and pay rent after the expiration of the calendar year constitutes a renovation of the contract for another year, and cases holding that such conduct on the part of the parties creates a tenancy at will, is that in the former class of cases the original contract was either for one year or the rent was paid by the year, thus implying a contract for the calendar year. In order for there to be a renovation of a contract for the year, there must first be such a contract, either express or implied. In the latter class the rent to begin with was paid and accepted by the month. Undoubtedly, in all such cases and irrespective of how the rent is paid and accepted, where time is not fixed for the tenant it runs until the end of the calendar year. The question under consideration is: What is the character of the tenancy if rent is paid and accepted and the premises held over by the tenant? Where the rent is paid by the year, there arises by implication a contract for that year and a renovation thereof for another year, if after the end of the calendar year the premises are continued to be held and the rent continued to be paid and accepted. Where the rent is paid by the month and the termination of the tenancy not fixed, a tenancy until the end of the first calendar year arises by operation of law, and thereafter, if the tenant retains possession and the rent is paid and accepted, a tenancy at will arises by operation of law.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*