## 31687.   WILLIAMS v. GASSAWAY.

DECIDED SEPTEMBER 6, 1947.   REHEARING DENIED SEPTEMBER 19, 1947.

*Wesley G. Bailey, Wesley G. Bailey Jr.,* for plaintiff in error.
*Newell Jones, Jones & McFarland,* contra.

TOWNSEND, Judge. (After stating the foregoing facts.) ■ Upon the trial of this case, the undisputed evidence showed the following facts: Mrs. Williams first rented the premises in question from Mrs. Willie Mae Chafin in 1931 or 1932, and had remained and lived there continuously since that time, paying $10 monthly for the first 5 years; that after this the rent was reduced to $8 monthly. No other agreement or understanding had been entered into by Mrs. Williams with Mrs. Chafin since she entered into possession. She always paid her rent to Mrs. Chafin and continued to do so down through the first two or three months of 1946. Mrs. Chafin never gave her any notice to terminate the tenancy. One Brown notified her that he had bought the place from Mrs. Chafin and she paid him one-month's rent; and in about 4 days, Gassaway, the landlord notified her that he had bought the property and notified her to move. Gassaway demanded $25 per month rent for the premises. She always paid the rent to Mrs. Gassaway. Mrs. Gassaway refused to give her any lease on the premises and no contract was entered into. Mrs. Gassaway continued to accept rent after the expiration of the date set in the notice to terminate the tenancy and up to the date the dispossessory warrant was sued out, which was 4 months later.

The landlord, Gassaway, testified that he was the owner of the premises in question, and that he gave Mrs. Williams 60-days notice to vacate, and demanded possession of the premises on October 23, 1946. Stanford, attorney for the Office of Price Administration testified that a certificate of eviction had been issued authorizing the landlord to evict the tenant in accordance with Georgia law at the expiration of 6 months after April 22, 1946. Counsel for Mrs. Williams admitted that all of the acts of the Office of Price Administration had been done regularly. Nothing was said in regard to the termination of the contract, and there was no agreement or stipulation as to the duration of the

tenancy. The agreement as to the rent was that the same should be paid monthly.

Where no time is specified for the termination of a tenancy, the law construes it to be for the calendar year (Code, § 61-104; *Willis* v. *Harrell,* 118 *Ga.* 906 (2), 45 S. E. 794); and the words, "calendar year," mean from January 1 through December 31 next thereafter inclusive. *Byrne* v. *Bearden,* 27 *Ga. App.* 149 (107 S. E. 782).

When a tenant, under a contract of rental with a landlord, which provides that the rent is to be paid monthly but specifies no time for the termination of the tenancy, enters lawfully into the possession of the premises, and, after the expiration of the calendar year, remains in possession thereof by permission of the landlord, who continues to receive the rent monthly, a tenancy at will is created. *Byrne* v. *Bearden,* supra; *Metzer* v. *Connally Realty Co.,* 75 *Ga. App.* 274 (43 S. E. 2d, 169).

In *Roberson* v. *Simons,* 109 *Ga.* 360 (34 S. E. 604), which is relied upon by counsel for the plaintiff in error, the contract was by the year and the rent was stipulated and paid annually. In *May* v. *Adair,* 22 *Ga. App.* 217 (95 S. E. 733), which is also relied on by counsel for the plaintiff in error, there was a written lease for a term of one year, and after the expiration of the lease the tenants requested a reduction in the rent, and this request was refused by the landlord; and after an agreement that a renewal lease for the ensuing calendar year for the same price might be prepared by the landlord and decided upon later, the tenants remained in possession of the premises; and under these circumstances the contract was held to be for an additional year. After a careful consideration of all of the authorities relied upon by the plaintiff in error, the facts in those cases are found to be distinguishable from the facts in the instant case.

The distinction between the cases which hold that a continuance to accept and pay rent after the expiration of the calendar year constitutes a renovation of the contract for another year, and cases holding that such conduct on the part of the parties creates a tenancy at will, is that in the former class of cases the original contract was either for one year or the rent was stipulated and paid by the year, thus implying a contract for the calendar year. In the latter class, the rent to begin with was paid and accepted by

the month. Where the rent is paid by the year, there arises by implication a contract for that year, and a renewal thereof for another year, when after the end of the calendar year the premises are continued to be held and the rent to be paid and accepted. Where the rent is paid and accepted by the month and the termination of the tenancy is not fixed, a tenancy until the end of the first calendar year arises by operation of law; and thereafter, when the tenant retains possession and the rent is paid and accepted, a tenancy at will arises by operation of law. *Byrnes* v. *Bearden, Metzer* v. *Connally Realty Co.,* supra.

2. The defendant having failed in her counter-affidavit to deny that a demand had been made upon her for the possession of the premises in question, the question of demand was not put in issue, and a demand will be presumed to have been made in the manner required. *Hindman* v. *Raper, Bowling* v. *Hathcock,* and *Minor* v. *Sutton,* supra.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*