## METZER v. CONNALLY REALTY COMPANY.

No. 15947. NOVEMBER 12, 1947.

*C. G. Battle,* for plaintiff in error.

*Lee E. Bobet* and *J. F. Kemp,* contra.

ATKINSON, Justice. This case came to this court by writ of certiorari from the Court of Appeals. *Metzer v. Connally Realty Co.,* 75 *Ga. App.,* 274 (43 S. E. 2d, 169).

The sole question for determination is as follows: Where there is an agreement between landlord and tenant for the rent of premises for a stipulated monthly rental, with no agreement

fixing the duration of the rental contract, and the tenant pays the rental monthly through the remainder of that calendar year, and retains possession into the succeeding calendar year, paying the monthly rental, which is accepted by the landlord without any additional agreement being made, is the tenancy during the second calendar year a tenancy at will or a tenancy for the second calendar year?

The question here presented has never been decided by this court. In *Byrne* v. *Bearden,* 27 *Ga. App.* 149 (2) (107 S. E. 782), the Court of Appeals held that a tenancy as above described was a tenancy at will, citing as authority therefor the case of *Willis* v. *Harrell,* 118 *Ga.* 906 (2) (45 S. E. 794). Recently the Court of Appeals in *Metzer* v. *Connally Realty Co.,* supra, the instant case, and *Williams* v. *Gassaway,* 75 *Ga. App.* 692 (44 S. E. 2d, 70), following the ruling made in *Byrne* v. *Bearden,* supra, also held the tenancy above described to be a tenancy at will. The decision of *Willis* v. *Harrell,* 118 *Ga.* 906 (2) (supra), is not authority for the ruling made in *Byrne* v. *Bearden,* supra, to the effect that, under the circumstances above stated, a tenancy at will is created. The facts in *Willis* v. *Harrell* were different. There nothing was done by the landlord or tenant following the termination of the first calendar year, except that the tenant remained in possession. No rent was paid by the tenant or demanded by the landlord. The possession of the tenant was without objection, but without consent. It was there held that this created a tenancy at sufferance, and that no notice to quit was required by the landlord prior to taking out a dispossessory warrant. While, at the bottom of page 908 of that opinion (*Willis* v. *Harrell*), we find this statement: "If there had been anything to indicate consent on the part of the owner for the tenant to hold possession after the expiration of the term, a tenancy at will might have been created," yet such statement was purely obiter dictum, as the tenancy there being considered was declared to be a tenancy at sufferance.

Having thus cleared the way for a decision upon the question here presented, we find that the Code, § 61-104, provides: "Where no time is specified for the termination of the tenancy, the law construes it to be for the calendar year; but if it is expressly a tenancy at will, either party may terminate it at will."

It is clear that, where no time is specified for the termination of the tenancy, the law fixes the termination as December 31st of the year in which the tenancy began; and that after December 31st, if there be no further agreement, either express or implied, with no rent demanded or paid, but the tenant merely remaining in possession, there would be a tenancy at sufferance. *Willis* v. *Harrell,* supra. But after December 31st, while the tenant is holding the premises at sufferance, and there is a payment by the tenant and acceptance by the landlord of monthly rental, with no further agreement being made, the tenancy at sufferance ends and a new kind of tenancy begins. Under such circumstances, the payment of monthly rent and its acceptance, with nothing more being agreed upon, would be an implied contract for monthly rent, and would necessarily have the same force and effect as the original contract entered into in the previous year, and its duration would be the same as that fixed by law, to wit, until the following December 31st. The law would be inconsistent were it to say that a contract between landlord and tenant for a monthly rental, with no agreement as to its duration, was a contract through December 31st of the year in which it was made; and then hold that—while the tenant was in possession at sufferance after December 31st, and paid and the landlord accepted monthly rental, with nothing more being agreed upon—this implied contract in the second year would not be controlled by the same law as to its termination as fixed the termination of the contract made during the first year. The terms and effect of each contract are the same, the only difference being that the contract of the first year was express, and that if the second year and subsequent years was implied from the conduct of the parties. In neither case is there any agreement seeking to fix a termination of the tenancy, and in each case the law would prescribe its duration.

*Judgment reversed. All the Justices concur, except Duckworth, P. J., who dissents; and Wyatt, J., who took no part in the consideration or decision of this case.*