57 N.J. Super. 408 (1959)
154 A.2d 850
NATHAN NEWMAN, SYLVESTER E. KANYOK, S. PAUL NATOLI, NATHANIEL R. GOLDBLATT AND ESTHER NICHOLSON, PLAINTIFFS,
v.
BOROUGH OF FAIR LAWN, BERGEN COUNTY, NEW JERSEY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RICHARD J. VANDER PLAAT, MICHAEL A. CANGER, JR., FRANK J. FINN, C. GUS RYS, RAYMOND H. WILKENS, NICHOLAS KUIKEN, NATHAN SPRECHMAN, ROBERT WALKER, MILTON ROBBINS AND GERRY FICCA, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 14, 1959.
*409 Mr. Seymour Cohen, attorney for plaintiffs.
Mr. Samuel S. Black, attorney for defendants.
BROWN, J.D.C. (temporarily assigned.)
The Borough of Fair Lawn's planning board was created initially by ordinance No. 227 adopted on or about September 26, 1939, pursuant to the enabling provisions of R.S. 40:55.
Ordinance No. 574, adopted on June 8, 1954, provided for the regulation of subdivisions in conformity with N.J.S.A. 40:55-1.27 (Municipal Planning Act, 1953) and ordinance *410 No. 575, adopted on June 22, 1954, amended the 1939 ordinance so as to make it conform with and implement certain new provisions contained at large in the same 1953 statute.
On June 23, 1959 ordinance No. 734 was adopted by the borough. It repealed the 1939 ordinance creating the planning board, ended the terms of office of the incumbent members, and established a new planning board "pursuant to the provisions of chapter 433 of the Laws of New Jersey, 1953."
The text of the new planning board ordinance is substantially the same as that contained in the original ordinance of 1939, as the same was amended in 1954 by ordinance No. 575.
On the date of the enactment of ordinance No. 734, by which the new planning board was created, the five plaintiffs were class IV members of the superseded planning board. They have brought this action in lieu of prerogative writs for judgment declaring invalid the ordinance and any action taken pursuant thereto including the membership appointments of defendants Kuiken, Sprechman, Walker (Walter), Robbins and Ficca.
The defendants by way of counterclaim demand judgment dismissing the plaintiffs' complaint and declaring that the latter are not legal members of the planning board.
The plaintiffs' answer to the counterclaim raises six separate defenses: the counterclaim fails to state a claim, defendants are not proper party-counterclaimants, unreasonable delay, laches, limitation of time and bad faith.
The matter is now before the court on motion by the defendants for summary judgment dismissing the complaint and in favor of the defendants on their counterclaim for a declaratory judgment. Incorporated are motions to dismiss the complaint against the above-named individual defendants on the ground that they have been joined prematurely before their appointment to office, and to limit discovery by the plaintiffs.
*411 The following facts are not challenged on the motion:
Six class IV members were appointed at the inception of the board. The appointment date for all was October 10, 1939. The terms of all expired on December 31 in successive years beginning with 1940 and ending with 1945.
Class IV members were thereafter appointed for terms similarly expiring at the end of calendar years until 1948.
Effective April 20, 1948, the borough government changed to the municipal manager form.
Since that event the terms of all class IV appointments have terminated on anniversaries of March 1.
In conformity with this practice the plaintiffs, on June 23, 1959, were incumbent in class IV with terms expiring on March 1 in the years 1960 through 1964.
It was this term expiration situation which, according to the defendant members of the governing body, caused them to enact the ordinance by which the old planning board was abolished. It is their position that the appointments of the five plaintiffs were in derogation of legislative mandate for the reason that they did not expire on December 31 in each of the years; as a result, the appointments were void; the board, consequently, was not legally in existence or legally constituted; and the municipality therefore had the legal right and obligation to abolish that planning board and to create a new one. The main legal position taken by the defendants on this motion is thus stated.
The controversy centers on the meaning of a portion of N.J.S.A. 40:55-1.4 (identical with R.S. 40:55-3, the prior statute). All other legal issues are peripheral. The court is required to construe the doubtful language which is as follows:
"The term of one member of class IV first appointed shall expire at the end of each year beginning at the end of the first year. Thereafter the term of each shall be the same number of years as there are members of class IV on the board."
What, if anything, has the Legislature said here about the length of terms of members first appointed?
*412 The plaintiffs and the New Jersey Federation of Official Planning Boards, amicus curiae, contend that the intention is expressed to make the duration of the preliminary terms a full year from the date of appointment.
The defendants construe the language to mean that the terms of those first appointed terminate at the end of calendar years.
One feature of intention appears to be clear. It is acknowledged by the parties that the Legislature meant to design a system by which the terms of initial class IV members were to be staggered. Each was to have a term of different length and each was to quit the board in annual succession, with a full year intervening between successive term endings. This direction is found in the words:
"The term of one member of Class IV first appointed shall expire at the end of each year beginning at the end of the first year."
But the principle is amply spelled out by a part of the language. It is articulated in the following:
"The term of one member of Class IV first appointed shall expire * * * each year."
The foregoing words would, of course, leave unresolved the question of what the word "year" means. However they would, by themselves, suffice to delineate the concept of member terms differing in length and term endings a year apart.
The Legislature in framing its language had more to say, though. It used additional words, underscored below, for which an intention must be sought. It said: "* * * at the end of each year." There is thus introduced a new idea. Added to the principle of terms overlapping is the first suggestion of duration. A temporal point is fixed for term expiration in relation to "the end of" an interval of time.
What do these words "at the end of" add to meaning? Adopting the plaintiffs' rationale, the words invest the member's *413 term with content; they give the term an extension in time by fixing its expiration at the end of a full year. In the plaintiffs' view, the added words effectuate this over-all meaning:
"The term of one member of Class IV first appointed shall expire at the end of each year [of service]."
There remains further language in the immediate context which must be considered. It is underscored in the following:
"The term of one member of Class IV first appointed shall expire at the end of each year beginning at the end of the first year."
What did the Legislature mean by these words? It must be presumed that they are effectual.
If, again, we apply the plaintiffs' construction of the word "year" as meaning a "year of service," the sense of the statute would be:
"The term of one member of Class IV first appointed shall expire at the end of each year [of service] beginning at the end of the first year [of service]."
Such an interpretation results in a redundancy. The words "beginning at the end of the first year [of service]" would add nothing to the meaning expressed in the preceding language. If the terms expire at the end of each year of service, it would be superfluous to add that the expirations begin at the end of the first year. "Each" year comprehends the "first" year.
"* * * one of the cardinal rules of statutory construction [is] that full force and effect must be given, if possible, to every word, clause and sentence of a statute. * * * A construction that will render any part of a statute inoperative, superfluous or meaningless, is to be avoided." Hoffman v. Hock, 8 N.J. 397, 406 (1952)
The phrase "beginning at the end of the first year" must be deemed to have significance. It derives none at all from the plaintiffs' construction.
*414 Using the defendants' definition of the word "year," the first part of the questioned text reads:
"The term of one member of Class IV first appointed shall expire at the end of each [calendar] year."
Here there is no indication of the duration of a term as is implicit in the plaintiffs' concept of a year of service. There is nothing but the fixing of a time when every one of the terms stops. That time is fixed as being the end of each calendar year. It would still remain open to question as to when the first term expires. The words "beginning at the end of the first [calendar] year" serve to foreclose the doubt. They establish a certain time base to which the succeeding term expirations can be related.
The plaintiffs argue it to be "self evident that if the Legislature had intended `end of each year' to mean December 31st it would have said so." On the other hand, the language under review is barren of any explicit declaration by the Legislature that the preliminary terms shall be for a full year and for multiples thereof. All that has been made clear is that the terms shall expire with 12-month intervals.
The Legislature has chosen to use the unqualified word "year" in its expressed purpose. The Legislature has defined its meaning for that word, wherever used in its enactments, as being "a calendar year," "unless it be otherwise expressly provided." (N.J.S.A. 1:1-2.)
It is true, as the Supreme Court has made clear, that the denotation of particular words should not be given undue effect through "scholastic strictness of definition or concept." As the court further said in Alexander v. New Jersey Power & Light Co., 21 N.J. 373 at page 378 (1956), of the opinion:
"It is not the meaning of isolated words, but the internal sense of the law, the spirit of the correlated symbols of expression, that we seek in the exposition of a statute. The intention emerges from the principle and policy of the act rather than the literal sense of particular terms, standing alone."
*415 But the denotation of particular words must nevertheless control where that result is directed:
"The function of the court is to construe the statute as written * * *. We must regard the statutes as meaning what they say and avoid giving them any construction which would distort their meaning. We have no legislative authority and should not construe statutes any more broadly nor give them any greater effect than their language requires." Belfer v. Borrella, 9 N.J. Super. 287, 293 (App. Div. 1950).
The term "calendar year" is not itself defined in the general rules, but they do provide that:
"* * * words and phrases shall be * * * given their generally accepted meaning, according to the approved usage of the language." (R.S. 1:1-1.)
This canon is imbedded in the judicial technique for construction:
"The meaning of a statute is primarily ascertained by reading the language employed in its ordinary and common significance." Lane v. Holderman, 23 N.J. 304, 313 (1957).
"Calendar year" is defined in the Funk & Wagnalls, New Standard Dictionary (1935 ed.), as:
"The period of time from midnight of December 31 to the same hour 12 months thereafter.
No New Jersey decisions have been found which provide a judicial content for the concept. Although only a few authorities have passed upon the point in other jurisdictions, they recognize this dictionary meaning: McGinness v. Unemployment Comp. Bd. of Rev., 177 Pa. Super. 104, 110 A.2d 918 (Sup. Ct. 1955); Clopton v. Scharrenberg, 106 Cal. App.2d 430, 235 P.2d 84 (App. Ct. 1951); In re Rosenstein's Estate, 124 N.Y.S.2d 783 (Sup. Ct. 1953); Williams v. Gassaway, 75 Ga. App. 692, 44 S.E.2d 70 *416 (Ct. App. 1947); Dell v. Mackey, 191 S.C. 105, 3 S.E.2d 816 (Sup. Ct. 1939).
The legislative definition for the word "year" must be given effect  "Unless * * * there is something in the subject or context repugnant to such construction * * *." This is the mandate of N.J.S.A. 1:1-2.
There is nothing in the context of the statute which is repugnant to the defendants' interpretation. The clear design for building staggered or unequal terms is not subverted or impaired. The plaintiffs see a "reductio ad absurdum" resulting from giving the calendar year effect to the language. They point out that if the class IV members are first appointed to a board on December 30, then the shortest term would expire one day after the appointment. But if this consequence is "absurd" it is one brought to pass by the appointing authority and not the statute. There is nothing in the act to fix the time when appointments shall be made or become effective. The power of the municipality to choose the time when a planning board begins its life is unfettered.
The clear architecture for terms expiring a year apart is undamaged by the calendar year interpretation. Nowhere has the Legislature said that the shortest preliminary term shall be one year in length and that the other terms shall be measured in multiples of a year. The only provision which the Legislature has made explicit for term duration is found in language applying after expiration of the initial terms:
"Thereafter the term of each shall be the same number of years as there are members of Class IV on the board." (Italics supplied.)
The foregoing are the only words which evince any concept of a full year or years.
The calendar year interpretation does, of course, make a single date critical throughout the State. The brief submitted by the Federation points out that many municipalities operate under forms of government in which the year-end *417 has no significance as to official tenure or annual governmental organization dates. From this it is argued at page 6 of the brief:
"It almost seems superfluous to say that the legislature at the time of the revision in 1953 knew of the fact that approximately sixty municipalities in New Jersey were electing their officers in the month of May. Yet, the legislature went ahead and re-enacted the provisions of the old Planning Act (40:55-3) * * *. The fact that the legislature was not more explicit * * * is evidence that the above-mentioned municipalities were proceeding according to the intentions of the legislature * * *."
The legislative motivation must be found in its declared will. It is what the Legislature said, not what it "knew," which controls this court.
It is concluded that R.S. 40:55-3 and N.J.S.A. 40:55-1.4 provide for class IV member terms ending on December 31 of each year.
The terms to which the plaintiffs were appointed were different from those prescribed by the statute and the appointments consequently were illegal, void and of no effect.
The planning board on June 23, 1959 was not constituted in accordance with the requirements of the enabling act, so that the action of the governing body in establishing a board in compliance therewith was proper.
The defendants' motion for summary judgment is therefore granted.